In re Donald Lee MILLER aka Don Miller dba Miller Electric, Myra Louise Miller aka Myra L. Miller, Debtors.

Donald L. MILLER a/k/a Don Miller, and Myra Miller, Plaintiffs,

v.

UNITED STATES of America, Small Business Administration, Rogers Electric Company, Charles R. Klink, Lamplighters Motel, Iowa Department of Job Service, Woodbury County, Iowa, Security National Bank of Sioux City, Iowa, Dividend Bonded Gas, Schoeneman Lumber Company, Toy National Bank, Dr. Wagner, United States Department of Revenue, Internal Revenue Service, Citizens Loan and Thrift, Defendants.

Bankruptcy No. 80–04161.
Adv. No. 80–0173.

United States Bankruptcy Court,
N. D. Iowa, W. D.

Feb. 5, 1981.

Donald H. Molstad of Sioux City, Iowa, for plaintiffs/debtors.

P. L. Nymann, Sioux City, Iowa, for Citizens Loan and Thrift.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDERS with Memorandum

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is plaintiffs' Complaint to avoid certain judicial liens. Trial was held at which time Donald H. Molstad of Sioux City, Iowa, represented the plaintiffs/debtors and Attorney P. L. Nymann represented Citizens Loan and Thrift. Certain orders were heretofore issued in this matter with respect to the other claimants, and the matter remaining for disposition is whether the lien of defendant Citizens Loan and Thrift may be avoided pursuant to § 522(f)(1) of the Bankruptcy Code. The Court now being fully advised makes the following Findings of Fact, Conclusions of Law, and Orders:

### FINDINGS OF FACT

1. On or about June 27, 1978, plaintiffs borrowed approximately $25,000 from Citizens Loan and Thrift (Citizens) and executed a promissory note and a mortgage to Citizens. The mortgage was against the homestead of the debtors.

2. On March 29, 1979, defendant Citizens commenced an action to foreclose the note and mortgage.

3. On May 12, 1980, a decree was entered in favor of Citizens, which judgment was docketed in Lien Index at Docket 85, page 43, in the office of the Clerk of Court of Woodbury County, Iowa. The decree provided that Citizens should have personal judgment against debtors and that "the lien of [Citizens] mortgage as recorded at Roll 79 of Mortgages on Image 1190 of the Woodbury County Records ... is hereby established, subject only to the mortgage lien of [first mortgagee] ... and is foreclosed .... Special execution shall forthwith issue."

4. On June 2, 1980, debtors filed their Petition in Bankruptcy and claimed their homestead as exempt. No objections were filed to the debtors' claim of exemption and, thus, the property is exempt to the debtors.

5. Subsequently, debtors filed a complaint to avoid liens, asserting that the decree of May 12, 1980, created a judicial lien which is subject to avoidance pursuant to Section 522(f)(2) of the Bankruptcy Code.

## CONCLUSION OF LAW

The decree foreclosing the mortgage of Citizens Loan and Thrift against debtors' homestead does not create a "judicial lien" that may be avoided pursuant to § 522(f)(1) of the Bankruptcy Code.

## ORDER

IT IS THEREFORE ORDERED plaintiffs' complaint is denied and dismissed as to defendant Citizens Loan and Thrift.

## MEMORANDUM

The issue in this matter is whether the foreclosure of a mortgage pursuant to Iowa law converts the consensual mortgage lien into a judicial lien that may be avoided pursuant to § 522(f)(1) of the Bankruptcy Code.

This Court concludes that a transformation does not take place and no such result was intended by Congress when it enacted the section in question.

Section 522(f) provides:

(f) notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . , if such lien is—

(1) a judicial lien; . . .

The legislative history of this section sets out the purpose of subsection (f), which is to

"protect the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid liens on exempt property. The debtor may avoid a judicial lien on any property to the extent the property could have been exempted in the absence of the lien . . ."

"Judicial Lien" is defined by the Code at § 101(27):

"[j]udicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

The word "lien" is also defined by the Code, at § 101(28):

"[l]ien" means charge against or interest in property to secure payment of a debt or performance of an obligation.

The legislative history of § 101(28) provides:

In general, the concept of lien is divided into three kinds of liens: judicial liens, security interests, and statutory liens. Those three categories are mutually exclusive and are exhaustive except for certain common law liens.

There is nothing in the legislative history of the Code that would indicate that Congress intended that a diligent creditor who obtained a judgment in foreclosure with respect to his security interest would thereby lose his rights through avoidance in bankruptcy proceedings by the use of § 522(f)(1). It seems clear that the provision for avoidance of judicial liens was meant to apply to judgments obtained on debts that would otherwise be unsecured.

Neither the language of the Code definitions nor the legislative history suggests that a mortgage lien is avoidable merely because it has been established by judgment in a foreclosure action. The lien of the mortgage was not "obtained" by judgment, levy, etc. As the language of the decree suggests, the lien of the mortgage was simply "established" by the judgment. The mortgage lien was neither extinguished by the foreclosure decree nor merged into the judgment of the foreclosure decree. Nor is there any contention here that Citizens has, by its actions, waived its consensual mortgage lien.

This case is somewhat similar to that in *In re Bertram*, Bankruptcy Case No. 80–02013, *Bertram v. Mason City Production Credit Association*, 8 B.R. 669 (Bkrtcy.) Adversary No. 80–0072, in which this Court concluded that the obtaining and filing of a confession by judgment did not create a waiver by the creditor of its mortgage lien, nor was the mortgage lien extinguished or merged into the judgment by confession. In *Bertram*, we cited the Iowa cases of *Cherry v. Welsher*, 195 Iowa 640, 192 N.W. 149 (1923), to the effect that in Iowa, "the

lien of the mortgage is presumed to continue until the debt is paid." 195 Iowa at 644, 192 N.W. at 151, and *John Hancock Mut. L. Ins. Co. v. Linnan*, 205 Iowa 176, 218 N.W. 46 (1928), that "It is the rule in this state that a lien of a mortgage upon the real estate is not merged in the judgment; . . ."

As above ordered, plaintiff's complaint to avoid defendant's lien should be denied and dismissed.