In re Robert Eugene BERTRAM, Della Marie Bertram, Debtors.

Robert Eugene BERTRAM and Della Marie Bertram, Plaintiffs,

v.

MASON CITY PRODUCTION CREDIT ASSOCIATION, Defendant.

Bankruptcy No. 80–02013.
Adv. No. 80–0072.

United States Bankruptcy Court,
N. D. Iowa, E. D.

Feb. 5, 1981.

R. James Sheerer, Waterloo, for debtors.

Robert S. Swanson, Mason City, for defendant.

Findings of Fact, Conclusions of Law, and Orders, with Memorandum

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Complaint filed by the debtors to avoid a judicial lien. At the trial on the Complaint, Attorney R. James Sheerer of Waterloo represented the debtors, and Attorney Robert S. Swanson of Mason City represented the defendant. The matter having been fully submitted, the Court now makes the following Findings of Fact, Conclusions of Law, and Orders:

FINDINGS OF FACT

1. The real estate which is the subject of this proceeding is the debtors' homestead and is currently valued at $112,000.

2. On September 6, 1978, a mortgage against the debtors' homestead real estate was executed by the debtors in favor of Mason City Production Credit Association (PCA) to secure a note in the amount of $60,000. An agreement was executed on the same date which provided that the debtors' homestead real estate was to stand as collateral security for three previous notes executed by the debtors in favor of PCA.

3. On August 27, 1979, a foreclosure action was instituted by PCA against the debtors' real estate, because the debtors had failed to make certain payments on the

notes, which notes were secured by real estate mortgage.

4. On September 21, 1979, the debtors executed a Confession of Judgment which reduced to judgment the claim made in the foreclosure action. The judgment was in the amount of $190,937.14 together with interest on the balance at 10.75 percent per annum and $4,639 together with interest on the balance at 7 percent per annum. The judgment was properly recorded.

5. In December of 1979, a Levy of Attachment issued against grain being stored in several elevators. The debtors' grain and some of the debtors' machinery and equipment were sold with the proceeds credited toward the debtors' obligation to PCA. The net result of the credits was to reduce the balance of the judgment to $29,118.30. In all instances, PCA held valid, perfected security interest in the property levied upon. No preference question exists.

6. On December 17, 1979, a Notice of Levy of Attachment issued against the debtors' real estate pursuant to the Confession of Judgment of September 21, 1979.

7. The debtors' real estate is also subject to a first mortgage in favor of the Cresco National Bank. This mortgage secures a note executed on September 30, 1977, and the amount remaining to be paid on this note is $62,082.

8. On January 22, 1980, the Debtors filed a Joint Voluntary Petition in Bankruptcy.

9. Subsequently, the debtors filed a Complaint to avoid the judicial lien allegedly created by the recording of the Confession of Judgment dated September 21, 1979.

## CONCLUSIONS OF LAW

1. PCA has a valid, consensual mortgage lien against the debtors' homestead in the sum of $29,118.30.

2. The Judgment by Confession obtained by PCA on September 21, 1979, is not a lien against the debtors' homestead.

3. The Judgment by Confession obtained on September 21, 1979, did not extinguish the mortgage lien of September 6, 1978, nor did PCA waive its mortgage lien by obtaining a judgment against the debtors.

4. The plaintiffs' Complaint to avoid the judicial lien should be denied and dismissed.

## ORDER

IT IS THEREFORE ORDERED that the debtors' Complaint to Avoid Judicial Lien be denied and dismissed.

## MEMORANDUM

The debtors assert that a judgment lien held by PCA is a judicial lien against their homestead created by the recordation of the judgment by confession in Howard County and the levy of attachment issued by PCA in December of 1979. The debtors further allege that the judgment lien impairs their entitled exemption in their homestead in the amount of $29,118.30, and that the judicial lien is subject to avoidance in total according to the provisions of Section 522(f) of the Bankruptcy Code. PCA alleges that its mortgage lien survives the judicial lien on the debtors' real estate, and the mortgage lien is not subject to avoidance under the Bankruptcy Code. Section 522 of the Bankruptcy Code provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (h) of the section, if such lien is—
>
> (1) a judicial lien; or . . .

The issues presented to the Court in this case are (1) whether the judicial lien extinguished the mortgage lien and, therefore, is subject to avoidance by the debtors pursuant to § 522(f)(1); and (2) whether PCA waived its mortgage lien.

*Mortgage Lien Not Extinguished*

A mortgagee has an equitable lien as security for the debt. *Kellogg v. Illinois Central R. Co.*, 204 Iowa 368, 213 N.W. 253 *rehearing denied*, 204 Iowa 368, 215 N.W. 258 (1927). There is a split of authority on

whether a mortgage lien is extinguished by merger into the decree of foreclosure when the mortgagee recovers judgment on the debt and sells the property on execution. In *Kozanjieff v. Petroff,* 215 Ind. 286, 295, 19 N.E.2d 563, 567 (1939), the Indiana Supreme Court adopted the view that a mortgage lien is extinguished when the mortgagee recovers judgment on the debt and sells the property on execution. Other Courts hold the opposite view. A mortgagee does not lose its lien by obtaining a judgment on the mortgage notes and having the mortgaged property sold on execution, and the lien of a mortgage survives until the debt secured has been paid. *Hughes v. Mt. Vernon Bank,* 4 Ga.App. 23, 60 S.E. 809 (1908). The Supreme Court of Iowa holds the view that until the judgment is satisfied or the debt is paid, the mortgage lien does not fall. "The lien of the mortgage is presumed to continue until the debt is paid, even though a new note be given therefor." *Cherry v. Welsher,* 195 Iowa 640, 644, 192 N.W. 149, 151 (1923). The Supreme Court has also stated, "It is the rule in this state that the lien of a mortgage upon real estate is not merged in the judgment; . . ." *John Hancock Mut. L. Ins. Co. v. Linnan,* 205 Iowa 176, 218 N.W. 46 (1928). In this case, under either view, PCA retained its mortgage lien because the mortgaged property was not sold, and the debt in the amount of $29,118.30 continues to exist.

*PCA Did Not Waive Mortgage Lien*

■ The lien of a mortgage may be waived or released by implication, and such implication arises where the parties act in a manner inconsistent with the continuation of such lien. *Kansas City Life Ins. Co. v. Wellfare,* 110 S.W.2d 184 (Tex.Civ.App. 1937), *rehearing denied* (1937). The issuing of an attachment by the mortgagee against the mortgagor on the mortgage debt, and the obtaining of a judgment thereunder is not per se a waiver of the mortgage lien. *Lanahan v. Lawton,* 50 N.J.Eq. 276, 23 A. 476 (1892). Here, PCA did not act in a manner inconsistent with the continuation of its mortgage lien. The Judgment by Confession standing alone is no more than an admission of liability to the extent provided by the instrument itself. The entry or filing of the Judgment gives rise only to a judicial lien upon the debtors' real estate (Iowa Code § 624.23, 624.24) and does not of its own force extinguish PCA's mortgage lien.

Although PCA sought a foreclosure in the initial complaint filed on August 27, 1979, the Judgment by Confession does not contain language which forecloses the mortgage, nor does it indicate any attempt to foreclose. PCA made no attempt to acquire the fee in the land as evidenced by the terms of the Judgment, and no receiver was ever appointed. PCA's levy upon the debtors' real estate does not establish the fact that PCA waived its mortgage lien. In fact, it appears that the only reason PCA levied upon the real estate was to establish the priority of its judgment over other creditors. Therefore, the consensual mortgage lien of PCA still exists, and it is not subject to avoidance.

With respect to the judicial lien obtained by the Confession of Judgment, it is this Court's holding that a lien obtained by judgment does not attach to the debtors' homestead (*Keane v. United Guaranty Indemnity Co.,* 7 B.R. 844 (Bkrtcy. N.D.Iowa 1980)). Therefore, as to defendant's alleged judicial lien, the Court has found that the judgment does not create a lien which attaches to the homestead; therefore, the lien of the judgment does not impair the homestead exemption of the debtor. Accordingly, complaint to avoid the judicial lien should be denied and dismissed.