Donald E. REDD and Mary A.
Redd, Appellants,

v.

FEDERAL LAND BANK OF ST. LOUIS,
Federal Land Bank Association of
Northeast Missouri and Doug Browne,
Trustee, Appellees.

No. 87–1794.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1988.

Decided July 6, 1988.

Dale Reesman, Boonville, Mo., for appellants.

Mark G. Arnold, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and WRIGHT,* Senior Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The sole issue on appeal is whether 1985 amendments to the Farm Credit Act of 1971 contain an implied private right of action for damages or injunctive relief, or a defense to foreclosure. The district court,[1] 661 F.Supp. 861, held that the amendments did not imply a private right of action for damages and dismissed without prejudice the Redds' claims for relief. We affirm the district court's ruling that the 1985 amendments do not imply a private right of action for damages and we need not reach the issue of whether the amendments may be the basis for injunctive or defensive relief to foreclosure.

To secure a $350,000 loan, Donald and Mary Redd executed a deed of trust on their farm to the Federal Land Bank of St.

---

* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

Louis. When the Redds fell behind in payments, the bank began foreclosure proceedings. After receiving notice of the action, the Redds filed suit in state court seeking to enjoin foreclosure and obtain damages. The Redds alleged that the bank violated the Farm Credit Act of 1971 (the Act), 12 U.S.C. §§ 2001–2260 (1980 & Supp.1986), the regulations promulgated pursuant to the Act and the fifth amendment. The bank removed the case to the district court, which granted the bank's motion to dismiss, holding that there is no private right of action "of any kind" under the Act, regulations, or amendments to the Act; and that the Redds have no fifth amendment claim because the bank is not an agent of the federal government.[2] The court declined to exercise its pendent jurisdiction over the remaining state law claims and remanded the case to state court.

On appeal, the Redds concede that before the 1985 amendments, there was no private cause of action under the Farm Credit Act See *Bowling v. Block*, 785 F.2d 556, 557 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); *Smith v. Russellville Prod. Credit Ass'n*, 777 F.2d 1544, 1547 (11th Cir.1985); *Aberdeen Prod. Credit Ass'n v. Jarrett Ranches, Inc.*, 638 F.Supp. 534, 536–37 (D.S.D.1986); *Corum v. Farm Credit Services*, 628 F.Supp. 707, 719–20 (D.Minn. 1986). The Redds assert, however, that Title III of the 1985 amendments contain an implied private right of action for damages, injunctive relief or a defense to foreclosure, and that the district court erred in dismissing these claims.[3] They argue that the bank did not develop a policy governing forbearance and did not provide the Redds with a copy of its forbearance policy, in violation of section 301 of the 1985 amend-

ments; and that the bank did not review the Redds' loan to determine if it may be restructured and did not notify the Redds that they had a right to such review, contrary to section 307 of the 1985 amendments. The Redds conclude that these violations entitle them to damages, injunctive relief, or a defense to foreclosure.[4]

Whether a complaint states a cause of action is a question of law which we review on appeal de novo. We need not decide whether the 1985 amendments may be the basis for a private right of action for injunctive relief or an equitable defense to a foreclosure action. *Cf. Fed'l Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 448 (N.D.1987). After the district court denied the Redds' temporary restraining order, the Redds filed a plan for reorganization under Chapter 11. At oral argument, the bank acknowledged that the Redds are in Chapter 11 and that if a plan is confirmed, there will be no need for foreclosure since the bank will operate under the terms of the Chapter 11 plan. The bank also conceded that if the bankruptcy proceeding is dismissed and the bank wishes to proceed with foreclosure, the foreclosure will now be governed by the 1987 amendments, which the bank further concedes will unquestionably entitle the Redds to notice of the right to have the bank consider restructuring their loan as well as an internal appeal if the bank concludes restructuring is inappropriate. Thus, the sole issue before us is whether the 1985 amendments to the Farm Credit Act contain an implied private right of action for damages.

## I.

The 1985 Amendments do not expressly provide a private cause of action, and this

---

**2.** The district court denied the Redds' motion for a temporary stay and the Redds filed under Chapter 11 of the Bankruptcy Code to prevent foreclosure.

**3.** The Redds do not appeal the district court dismissal of their fifth amendment claim.

**4.** In *Mendel v. Prod. Credit Ass'n*, 656 F.Supp. 1212, 1216 (D.S.D 1987) (appeal pending), the district court held that the 1985 amendments do not create a private cause of action for damages.

The court reasoned that although there was evidence of legislative intent to create a private cause of action, to imply one would be completely inconsistent with the major goal of the amendments. 656 F.Supp. at 1216. The court also stated, in dictum, that "farmer-borrowers can enforce the 1985 amendments as defenses in foreclosure actions or in other actions to force compliance therewith." *Id.* *Mendel* was appealed to this court, oral arguments were heard February 9, 1988, but as of this date no decision has been handed down.

court must therefore determine whether such a remedy may be implied under the four-part framework set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). We must determine whether: (1) the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) there is any explicit or implicit indication of legislative intent either to create such a remedy or deny one; (3) it is consistent with the underlying purpose of the legislative scheme to imply such a remedy; and (4) the cause of action is one traditionally relegated to state law, in an area basically the concern of the states. *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2087. "The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979); *Hofbauer v. Northwestern Nat'l Bank,* 700 F.2d 1197, 1200 (8th Cir.1983).

### A.

■ Apart from Title III the 1985 amendments' major goal was to shore up a financially unstable Farm Credit System. *See* H.Rep. No. 425, 99th Cong., 1st Sess. 2–11 (1985), *reprinted in* U.S. Code Cong. & Admin. News 1985, pp. 2587, 2588–98. The bank contends that Congress enacted the 1985 amendments solely to provide protection for distressed lenders and that the primary objective of the forbearance policy was not to protect borrowers but to encourage lenders to consider alternatives to foreclosure in those situations in which forbearance may result in the greatest net return to the lender. *See* 12 C.F.R. § 614.4513(a), (g) (1988).

Title III, however, is captioned "Protection for Farmers and Other Farm Credit System Borrowers." Section 301(b), codified as 12 U.S.C.A. § 2199 (Supp.1986) requires system institutions to develop a policy of forbearance and to provide borrowers with a copy of that policy. Section 302 amended 12 U.S.C.A. § 2201 to require written notice of action on an application, including reasons for denial or reduction of the requested loan. Section 303 amended 12 U.S.C.A. § 2202 to require that credit review committees include farm board representation and made other changes in the application review process. Section 307 requires local institutions to review each delinquent loan, make a determination whether the loan is appropriate for restructuring and give the borrower notice of this review.

Although the 1985 amendments were enacted primarily to strengthen the troubled Farm Credit System, the language of the amendments and their legislative history indicate that Congress considered the problems facing farmer-borrowers and intended to aid borrowers having difficulty paying their debts or receiving additional financing. H.Rep. No. 425, 99th Cong., 1st Sess. 2–11 (1985), U.S. Code Cong. & Admin. News 1985, pp. 2587, 2588–98. Since the Redds are a member of the latter category, they are arguably members of a special class for whose benefit the statute was enacted.

### B.

■ The second element of the *Cort v. Ash* test is the critical factor in determining whether a private cause of action exists. *Touche Ross,* 442 U.S. at 576, 99 S.Ct. at 2489. The key inquiry is whether "the statute by its terms grants * * * private rights to any identifiable class [or] proscribes [any] conduct as unlawful." *Id.*

The Redds rely on a statement made by Representative De La Garza during debate on the 1985 amendments who said that, "this bill does establish a set of borrowers' rights, and it would be my understanding that the rights of applicants and member-borrowers as set forth in the act and in the regulations of the Farm Credit Administration shall be enforceable in courts of law." 131 Cong. Rec. 35,577 (1985).

The district court correctly concluded that the remarks of Representative De La Garza are not controlling in determining legislative intent to create a private cause of action. Representative De La Garza's remarks indicating his understanding of the effects of the Farm Credit Act are not binding on this court as to what the statute

says or means, nor is it dispositive of whether the Farm Credit Act of 1971, as amended, provides a private cause of action. *See Brock v. Pierce County,* 476 U.S. 253, 106 S.Ct. 1834, 1840, 90 L.Ed.2d 248 (1986); *Garcia v. United States,* 469 U.S. 70, 78–79, 105 S.Ct. 479, 484–485, 83 L.Ed.2d 472 (1984); *Regan v. Wald,* 468 U.S. 222, 237, 104 S.Ct. 3026, 3035, 82 L.Ed. 2d 171 (1984); *United States v. Rush,* 840 F.2d 574, 579–80 (8th Cir.1988) (en banc) (dissenting opinion); *see also Monterey Coal Co. v. Fed. Mine Safety & Health Review Comm'n,* 743 F.2d 589, 598 (7th Cir.1984); *Prod. Credit Ass'n v. Van Iperen,* 396 N.W.2d 35, 38 (Minn.App.1986) (specifically rejecting De La Garza's remarks). This court must examine the substance of the amendments to determine whether a cause of action should be implied, rather than the comments of committee persons as they field questions about the bill. *Id.*

To be sure, Congress was aware of the tensions between the system and its borrowers and intended the statute to provide additional protections for borrowers to ensure that they received fair treatment, due process, and every realistic opportunity to avoid liquidation and stay in business. *See* H.Rep. No. 425, 99th Cong., 1st Sess. 12 (1985), *reprinted in* U.S. Code Cong. & Admin. News 1985, p. 2598. Our study of both the language of the amendments and their legislative history does not reveal, however, any legislative intent that these protections create a private right of action on behalf of farmer-borrowers. Instead, Congress provided broad regulatory powers to the Farm Credit Administration. Title II of the Amendments replaced a part-time, system-nominated Board of Governors with full-time regulators appointed by the President and confirmed by the Senate. The objective was independent and vigilant arm's length regulation. *See* H.R.Rep. No. 425, 99th Cong., 1st Sess. 12 (1985), *reprinted in* U.S. Code Cong. and Admin. News, pp. 2587, 2598. Section 204 of the Amendments granted the FCA extensive enforcement powers parallel to those of bank and thrift regulators. *Id.* at 2611. The FCA is authorized to issue temporary and permanent cease and desist orders to local institutions and individuals involved with such institutions who violate provisions of the Act or applicable regulations.[5] The FCA may also suspend or remove an officer or director, *see* 12 U.S.C. § 2264, and if a violation of the Act is established, the FCA may impose civil and criminal penalties. *See* 12 U.S.C. §§ 2268(a), (g), 2269. Such broad regulatory powers suggest that no private right of action was intended. *Hofbauer,* 700 F.2d at 1201.

In addition, before the 1985 amendments, 12 C.F.R. § 614.4510(d) required system institutions to develop a forbearance policy. Courts uniformly rejected the argument that this regulation established a private cause of action. *See e.g., Smith,* 777 F.2d at 1546–48. Congress is presumed to be aware of a judicial interpretation of a statute and to adopt that interpretation when it reenacts a statute without change. *Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 869, 55 L.Ed.2d 40 (1978). The Redds point to no specific provision of the amendments to suggest that a remedy is now available to them based on a violation of the Act. Thus, notwithstanding the remarks of Representative De La Garza, we conclude that neither the language nor the legislative history of the 1985 amendments, show that Congress intended to create substantive rights enforceable through a private cause of action.

### C.

■ Although we may properly end our analysis here, consideration of the third *Cort* factor strengthens our conclusion that the 1985 amendments do not create a private cause of action. The inquiry is whether the private cause of action asserted is consistent with the underlying purpose of the legislative scheme. We have said that

---

5. 12 U.S.C. § 2261(a) authorizes the FCA to issue a cease and desist order when:
   any institution in the Farm Credit System, or any director, officer, employee, agent, or other person participating in the conduct of the affairs of such institution * * * is violating, or * * * is about to violate, a law, rule, or regulation.

the major goal of the 1985 Amendments was to strengthen the ailing Farm Credit System. The Redds seek to recover actual damages of $100,000 and punitive damages of $100,000. To allow farmer-borrowers denied of their Title III rights the ability to recover monetary damages is plainly inconsistent with the underlying purpose of the 1985 amendments.[6]

We therefore conclude that the 1985 amendments do not create an implied private right of action for damages.[7] The district court did not err in dismissing the Redds' claims based on the 1985 amendments. The judgment of the district court is affirmed.

---

**6.** We note also that since deciding *Cort v. Ash* the Supreme Court has been increasingly reluctant to imply new private causes of action for damages. *Hofbauer,* 700 F.2d at 1200.

**7.** Because we conclude that there is no legislative intent to imply a private cause of action and that a damage claim would be inconsistent with the legislative scheme, it is unnecessary to consider the fourth element of the *Cort v. Ash* test.