In the Matter of Linda E. SINNARD, Debtor.

Bankruptcy No. Y–88–00613–D. Contested No. 80393.

United States Bankruptcy Court, N.D. Iowa.

Sept. 30, 1988.

Victor V. Sprengelmeyer, Dubuque, Iowa, for Linda E. Sinnard.

F.L. Burnette, II, Nyemaster, Goode, McLaughlin, Emery and O'Brien, S.C., Des Moines, Iowa, for Key City Bank.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Linda E. Sinnard, the debtor in this chapter 7 case, has brought a motion under section 522(f)(1) to avoid a lien on her homestead held by the Key City Bank & Trust Company (the "Bank"). After a hearing was held on the debtor's motion on September 8, 1988, the matter was taken under advisement and the parties given leave to brief the issues.

The following facts are material and undisputed. On October 11, 1982, the debtor and John M. Walsh, then the debtor's husband, granted a mortgage on the debtor's homestead to the Bank as security for the repayment of a $138,293.65 loan. The debtor executed the relevant documents while intoxicated and as a result of Mr. Walsh's less than forthcoming entreaties.

In the late spring of 1985, the debtor brought an action in state court against Mr. Walsh, now the debtor's former husband, the Bank, and Jack Roach, a bank officer, for fraudulent misrepresentations with respect to the granting of the mortgage. The Bank crossclaimed against the debtor and Walsh to foreclose its mortgage. The gravamen of the debtor's complaint against Mr. Walsh consisted of the allegation that he had fraudulently induced the debtor to sign the loan and mortgage documents without disclosing the true character of the transaction. The debtor's claim against the Bank and Mr. Roach was based on an alleged failure to fully disclose the magnitude of the transaction the debtor was entering.

After a jury verdict in favor of the debtor on her fraudulent misrepresentation claims, the trial court entered judgment against the defendants. Additionally, the trial court canceled the real estate mortgage and dismissed the Bank's crossclaim. After an affirmance by the Iowa Court of Appeals, the Iowa Supreme Court reversed the judgment against the Bank and Mr. Roach, finding that "substantial evidence did not support plaintiff's claim for fraudulent misrepresentation" against them. The Court did, however, affirm the judgment against Mr. Walsh. The Supreme Court, stating that "the mortgage and assignment of equity were procured for adequate consideration and without fraud," then remanded the case to the trial court with the instructions that the Bank be granted foreclosure of its mortgage against the debtor and Mr. Walsh. On March 3, 1988, the trial court entered judgment on the debt owed to the Bank and entered a decree of foreclosure of the debtor's and Mr. Walsh's interest in the debtor's homestead.

The debtor then filed a chapter 7 petition on April 18, 1988. She claimed her homestead—the property subject to the Bank's foreclosed mortgage—as exempt to the extent of $200,000 in value under Iowa Stat. § 561.16. Although the homestead likely was not exempt under Iowa law since the debtor had voluntarily conveyed her interest in the homestead to the Bank, *see* Iowa Stat. § 561.13, § 561.21(2), the Bank failed to object to the claimed exemption. On July 19, 1988, the debtor filed the motion now before this court to avoid the Bank's lien on her homestead under section 522(f)(1). The Bank has objected to the avoidance of its lien arguing that its mortgage lien, although judicially foreclosed prior to the bankruptcy filing, is not a "judicial lien" within the meaning of section 522(f)(1).

A. Validity of Mortgage and Foreclosure Judgment.

■ Although the debtor has styled her motion as one for the avoidance of liens, the debtor apparently wishes to dispute the validity of the Bank's mortgage *ab initio*. Why the debtor waited until this point to contest the secured nature of the Bank's claim is not clear to me. The debtor scheduled the Bank as a secured creditor with a claim in the approximate amount of $150,-000 and having a mortgage on the debtor's homestead. Although the debtor's scheduled indicates that either the claim or the security for the claim is disputed (the schedules do not indicate which), the schedules suggest only that the debtor seeks to claim the homestead as exempt in spite of the Bank's mortgage.

While the facts considered in toto seem to contradict the debtor's contention that the Bank's mortgage is invalid, the debtor still argues that her homestead is not subject to the Bank's claim because (1) the debtor's former husband fraudulently induced the debtor to execute the mortgage instrument in favor of the Bank; and (2) even if the mortgage is valid, the debtor's waiver of her homestead exemption rights is ineffective because of the conditions under which it was given. The Bank's position is that the validity of the mortgage was upheld by the Iowa Supreme Court at the culmination of the debtor's fraudulent misrepresentation suit. Specifically, the Bank points to the Supreme Court's statement that

As already noted, the trial court sitting as a court of equity, simultaneously with the law action, entered an order cancelling the mortgage and assignment of eq-

uity on plaintiff's home on the basis it had been obtained by the Bank through fraudulent misrepresentations. Because we have concluded there was no fraud established as against the Bank, that basis for cancellation of the mortgage and assignment of equity no longer exist [sic]. *C.f. Kurth v. Van Horn,* 380 N.W. 2d 693, 698 (Iowa 1986) (reversing fraud verdict eliminated ground for canceling mortgage).... Finding that the mortgage and assignment of equity were procured for adequate consideration and without fraud, we conclude that it was error to order those instruments cancelled. This action by the court in equity is reversed. The case is remanded for entry of appropriate judgment on the note with interest and foreclosure of the mortgage.

*Sinnard v. Roach,* 414 N.W.2d 100, 107 (Iowa 1987).

Following the direction of the Supreme Court, on March 29, 1988, the trial court entered judgment against the debtor and Mr. Walsh for $138,293.65 and foreclosed their respective interests in the debtor's homestead. No appeal was taken from the entry of the personal judgment or the entry of the foreclosure judgment.

It seems clear to me that the Iowa Supreme Court's judgment and the actions of the Iowa district court on remand are *res judicata* on the claims the debtor now raises. Judgments of state courts are entitled to preclusive effect in bankruptcy courts. *See* 28 U.S.C. § 1738 ("The judicial proceedings of any court of any state ... shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state."); *see also In re Oulman (Oulman v. Rolling Green, Inc.),* 851 F.2d 1032, 1035 (8th Cir. 1988) (implicit finding by state court that debtors' contract had been forfeited preclusive on claim asserted in bankruptcy court that vendor of contract was debilitated from forfeiting contract).

United States Supreme Court precedent directs that federal courts must determine the res judicata impact of a prior state court judgment by employing a two-step analysis. First, the federal court must determine the preclusive effect of the state court judgment under state law. *Migra v. Warren City School District Bd. of Ed.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 63 (1984). Second, if state law indicates that the claim would be precluded, the federal court must determine if an exception to section 1738 should apply. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 386, 105 S.Ct. 1327, 1335, 84 L.Ed.2d 274 (1985). No exception to the applicability of section 1738 is relevant to this case. *See In re Comer,* 723 F.2d 737, 740 (9th Cir.1984); *In re Hogg,* 76 B.R. 735, 741 (Bankr.D.S.D. 1987); *cf. Heiser v. Woodruff,* 327 U.S. 726, 737, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946); *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 708 (8th Cir.1979). Therefore, the outcome of this inquiry depends solely on Iowa's rules for claim preclusion.

The Iowa Supreme Court has stated that:

Res judicata as claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. The doctrine is based on the principle that a party may not split or try a claim piecemeal, but must put in issue the entire claim or defense in the case on trial.

*Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988) (citations omitted). For a claim or defense to be barred by the principles of *res judicata* under Iowa law, the following elements must be established. First, the adjudication in the prior suit must have been between the same parties to the present suit. *Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988). Second, a final adjudication on the merits must have occurred in the prior suit. *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 286 (Iowa 1976). Finally, the claim or defense sought to be precluded must be the same as that raised in the prior suit. *Israel v. Farmers Mut. Ins. Ass'n of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983). This final element is satisfied when the claim or defense could have been, but was not, assert-

ed in the prior action. *Id.* ("An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination.").

The first two of these elements are clearly established. The only question is whether the claims or defenses the debtor now raises were or could have been raised in the state court proceeding.

In the state court action the debtor raised the fraudulent conduct of Mr. Walsh, the Bank, and its officer, Mr. Roach. The Supreme Court specifically held that fraudulent conduct on the part of either the Bank of Mr. Roach had not been established. The Supreme Court did affirm the finding of fraudulent conduct on the part of Mr. Walsh. Nevertheless, the Supreme Court reversed the trial court's cancelation of the real estate mortgage. Implicit in this ruling was a finding that Mr. Walsh's conduct did not merit granting the debtor the remedy requested; *i.e.,* cancelation of the mortgage.

The debtor could have asserted her incapacity at the time of the execution of the mortgage as a defense to the Bank's cross-claim for foreclosure. *See FirstCentral Bank v. White,* 400 N.W.2d 534, 537 (Iowa 1987) (quoting 59 C.J.S. *Mortgages* § 506(c) (1949)) (" 'The validity of a mortgage may be attacked, in foreclosure proceedings, for illegality, fraud, duress, or other such matters which undermine its very foundation.' "). Her failure to do so, constitutes a waiver of that defense. Because of the Iowa Supreme Court's implicit ruling on the effect of Mr. Walsh's conduct on the mortgage's validity, and because the debtor chose not to advance incapacity as a defense to the foreclosure claim, the debtor cannot now collaterally attack in this forum the ruling of the Iowa Supreme Court reversing the trial court's cancelation of the real estate mortgage and directing the trial court's entry of the foreclosure judgment.

For the same reasons the debtor's homestead claim is precluded by the state court's judgment. Under Iowa law, a person effectively may waive her homestead exemption rights by voluntarily encumber-ing her interest in the homestead property. *See* Iowa Code § 516.13; § 516.21(2). Such a conveyance, however, is not valid unless the debtor had the capacity to convey her interest. Incapacity by way of intoxication, *see State Exchange Bank v. Nolan,* 201 Iowa 722, 207 N.W. 745, 746 (1926), or fraud in the inducement, *see Peoples Bank & Trust Co. v. Lala,* 392 N.W.2d 179, 187–88 (Iowa Ct.App.1987), are defenses to a waiver of a party's homestead exemption rights.

■ Intoxication and/or fraud in the inducement are the defenses the debtor wishes to assert in this court. These defenses, however, should have been asserted in the state court proceeding. A debtor's homestead claim is a personal defense to a mortgage foreclosure action, and is waived by the putative claimant's failure to urge it in a foreclosure action. *See Dodd v. Scott,* 81 Iowa 319, 320, 46 N.W. 1057, 1058 (1890). *See also* P. Bauer, *Iowa's Homestead Exemption* at 7 (College of Law, University of Iowa).

■ In the recent Iowa case of *Francksen v. Miller,* 297 N.W.2d 375 (Iowa 1980), the court held that a party who failed to raise his homestead rights in a foreclosure action was precluded from raising a homestead defense in a subsequent forcible entry and detainer action brought against him by the successfully foreclosing mortgage. *Francksen, supra,* 297 N.W.2d at 377. *Francksen* seems to control in this case. The debtor had her opportunity to raise her lack of capacity and her former husband's fraudulent conduct as bases for a finding that she had homestead exemption rights in the property during the course of the Bank's foreclosure action. Her failure to do so constituted a waiver of her defense. She may not now collaterally attack the state court's foreclosure judgment in this court.

B. Avoidance of Foreclosure Mortgage Lien.

■ Before a lien may be avoided under section 522(f)(1), the debtor must prove three elements:

(1) that the lien is fixed on an interest of the debtor in property;

(2) that the lien impairs an exemption to which the debtor would otherwise be entitled; and

(3) that the lien is a judicial lien.

*In re Hart,* 50 B.R. 956, 957 (Bankr.D.Nev. 1985). Whether the third element has been established is the dispositive issue in this proceeding. This precise issue has been addressed by a bankruptcy court sitting in Iowa and ruling on the basis of Iowa law. In the case of *In re Miller,* 8 B.R. 672 (Bankr.N.D.Iowa 1981), the late Judge Thinnes held that a mortgage on the debtor's homestead, which had been judicially foreclosed prior to the bankruptcy filing, was not a "judicial lien" under section 522(f)(1).

I have found only one case that suggests, must less holds, that *Miller* is bad law. *See In re West,* 54 B.R. 855, 856 (Bankr.M.D.Fla.1985) (equitable lien granted to third party intervenor in divorce proceeding held to be a "judicial lien" under section 522(f)(1)). With that noted exception, the cases establish the continued vitality of *Miller. In re Sanders,* 61 B.R. 381, 383 (Bankr.D.Kan.1983); *In re Walker,* 72 B.R. 552, 554 (Bankr.W.D.Pa.1987); *In re Challinor,* 79 B.R. 19, 21 (Bankr.D.Mont. 1987); *In re Gugenhan,* 55 B.R. 507 (Bankr.D.Kan.1985); *Federal Land Bank of Omaha v. Blankemeyer,* 422 N.W.2d 81 (Neb.1988).

The underpinnings of *Miller* have been upheld as well. As to Judge Thinnes' statement that section 522(f)(1) was intended to "apply to judgments on debtors that would otherwise be unsecured" rather than to consensual liens pre-existing any judicial action, *Miller, supra,* 8 B.R. at 673, the Minnesota district court has stated:

> [A] judicial lien is an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who did not have an interest in a specific piece of property before the occurrence of some judicial action.

*Boyd v. Robinson (In re Boyd),* 31 B.R. 591, 594 (D.Minn.1983). *See also In re Hart, supra,* 50 B.R. at 961–62; *In re*

*Shands,* 57 B.R. 49, 51 (Bankr.S.C.1985); *In re Maus,* 48 B.R. 948, 950 (Bankr.Kan. 1985); *In re Scott,* 12 B.R. 613, 617 (Bankr. W.D.Okla.1981).

Judge Thinnes based his determination that the foreclosure did not convert the mortgage into a judicial lien on the principle that, under Iowa law, the foreclosure decree does not extinguish the mortgage lien. Therefore, the consensual lien was in no way "converted" into a judicial lien. *See Miller, supra,* 8 B.R. at 673–74. This principle continues to be adhered to by the Iowa courts. *See Zeman v. Canton State Bank,* 211 N.W.2d 346, 351 (Iowa 1973) ("there is no merger of a mortgage lien into a judgment taken upon default"); *compare Bank of Commerce v. Waukesha County,* 89 Wis.2d 715, 723, 279 N.W.2d 237, 241 (Wis.1979) (Wisconsin follows lien theory of mortgages) *with Marshall & Ilsley Bank v. Greene,* 227 Wis. 155, 164, 278 N.W. 425, 429 (Wis.1938) ("The judgment does not destroy the lien of the mortgage but rather judicially determines the amount thereof.").

For the reasons stated above the debtor's motion to avoid the lien of the Key City Bank & Trust Company must be denied. This memorandum shall be my findings of fact and conclusions of law on the motion.