**In re Glenn H. FREESE and Donna B. Freese, Debtors.**

**Bankruptcy No. X89–01328S.**

United States Bankruptcy Court,
N.D. Iowa, W.D.

Sept. 6, 1990.

John H. Neiman, Des Moines, Iowa, and William D. Kurth, Carroll, Iowa, for debtors.

Steven H. Krohn, Council Bluffs, Iowa, for Farm Credit Bank of Omaha.

Carol Dunbar, Waterloo, Iowa, Trustee.

## RULING ON FCBO's MOTION FOR SUMMARY JUDGMENT

WILLIAM L. EDMONDS, Bankruptcy Judge.

The debtors, Glenn and Donna Freese (the FREESES), have objected to a proof of claim filed by Farm Credit Bank of Omaha (FCBO). Debtors contend that FCBO's claim includes excessive interest charges. The excessive interest allegedly results from a breach of the Farm Credit Act. Debtors ask that the claim of FCBO be reduced. FCBO filed a motion for summary judgment contending that Freeses are precluded from raising the interest rate issue.

### I.

In April, 1979, the Freeses signed a promissory note to The Federal Land Bank of Omaha n/k/a FCBO. The note provided for a variable interest rate. The Freeses secured the note with a mortgage on 320 acres of farm ground.

It came to pass that FCBO sought judgment on the note and foreclosure of its mortgage. On December 1, 1988, the Iowa District Court for Crawford County granted FCBO's motion for summary judgment and entered judgment and decree of foreclosure. On July 10, 1989, the Iowa Court ruled on several post-trial motions. It amended and enlarged its findings and conclusion and modified and corrected its judgment. The modified and corrected judgment and decree still granted FCBO judgment against the Freeses and again provided for foreclosure of FCBO's mortgage. The Freeses filed their chapter 12 bankruptcy case on September 6, 1989. FCBO filed a proof of claim (no. 10) the basis of which was the variable interest rate note, the mortgage, and the state court judgment. The claim was for $609,388.49 in principal and interest as of the date of the filing of the bankruptcy case.

The Freeses object to the claim on the ground that the interest rate charged them results from the lender's violation of the Farm Credit Act. Specifically, the Freeses allege that it is the statutory duty of FCBO "to set the lowest possible interest rates commensurate with the cost of selling its bonds to the public, the maintenance of corporate reserves and the payment of operating expenses." (Objection to claim, page 1, paragraph 2.) The Freeses argue that the Farm Credit Bank "blundered" because it "failed to consider the placing of a call provision in its bonds sold to fund Debtor's loan which would have enabled it to retire the high cost bonds it had sold for such purposes and to sell other bonds at substantially less interest cost thus saving Debtors thousands of dollars in interest payments on their Farm Credit Bank loan." (Objection to claim, page 2, paragraph 5.) The Freeses say that because of the blunder they were charged thousands of dollars in excess interest. They seek to have the FCBO claim reduced by the allegedly excessive interest charges.

Section 1.8 of the Farm Credit Act of 1971, as amended in 1988 [1], treats interest rates. Section 2016(a) as it existed in 1971 provided that:

> Loans and discounts made by a Farm Credit Bank shall bear interest at a rate or rates, and be on such terms and conditions, as may be determined by the board of directors of the bank from time to time.

Subsection (a) was amended in 1988 to read as follows:

> Loans and discounts made by a Farm Credit Bank shall bear such rate or rates of interest or discount, and be on such terms and conditions, as may be determined by the board of directors of the bank from time to time.

---

**1.** Pub.L. 100–399.

Subsection (b) of § 2016 at all relevant times has stated:

> In setting rates and charges, it shall be the objective to provide the types of credit needed by eligible borrowers at the lowest reasonable costs on a sound business basis taking into consideration the cost of money to the bank, necessary reserve and expenses of the bank and associations, and providing services to members. The loan documents or discounting and financing agreements, may provide for the interest rate or rates to vary from time to time during the repayment period of the loan or agreement.

It was the foregoing Code provision that was allegedly violated by FCBO.

FCBO argues that this issue was raised or could have been raised in the foreclosure action and therefore under principles of preclusion, Freeses are prevented from raising it now as an objection to FCBO's claim in the bankruptcy case.

The court agrees and for the reasons hereinafter set out determines that FCBO's motion for summary judgment should be granted, and Freeses' objection to the claim be overruled.

## II.

A party is entitled to summary judgment if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Bankr.R. 7056; Fed.R. Civ.P. 56(c). It is arguable that there exists one disputed material fact—whether FCBO's alleged violation of the Farm Credit Act was raised and/or litigated in the state court proceeding. In their brief, the Freeses argue that it was not. Part of the record, however, includes the Freeses' "Resistance to Motion for Summary Judgment and Argument" filed in the foreclosure proceeding. The Freeses resisted FCBO's motion for summary judgment on the following grounds:

1. Plaintiff's failure to comply with the Agricultural Credit Act of 1987;

2. Plaintiff's unclean hands;

3. *Plaintiff's failure to perform under the note by affording a proper interest rate which performance is a condition precedent to be approved by Plaintiff;*

4. *The amount due on the note based on the proper interest rate.*

(Emphasis added.) An issue may be submitted to the court as part of summary judgment proceedings. *Bascom v. Jos. Schlitz Brewing Co.*, 395 N.W.2d 879, 884 (Iowa 1986).

The court does not believe that the issue of whether the interest rate was raised is in genuine dispute. However, even if Freeses had not raised nor litigated the interest rate issue, FCBO would still be entitled to summary judgment.

## III.

■ The Freeses are careful to point out that they seek to reduce FCBO's claim by way of "recoupment" and that they do not seek any affirmative recovery from FCBO. Freeses concede that they have no private right of action against FCBO for violations of the Farm Credit Act. The case law supports this concession. *Smith v. Russellville Production Credit Association*, 777 F.2d 1544, 1548 (11th Cir.1985) (Borrowers have no implied private right of action under the 1971 Farm Credit Act.); *Redd v. Federal Land Bank of St. Louis*, 851 F.2d 219, 222 (8th Cir.1988) (The 1985 amendments to the Farm Credit Act did not create a private right of action for damages.); *Zajac v. Federal Land Bank of St. Paul*, 909 F.2d 1181 (8th Cir.1990). (The borrowers' rights provisions of the Agricultural Credit Act of 1987 created no implied private right of action.)

The Freeses believe, nonetheless, that violations of the Farm Credit Act may be raised defensively. Whether alleged violations of the Farm Credit Act may be raised defensively in a state court action is a federal question. *See Household Consumer Discount Co. v. Vespaziani*, 490 Pa. 209, 415 A.2d 689, 693 (1980). This issue has been raised but not decided in this circuit. *Redd v. Federal Land Bank of St. Louis*, 851 F.2d 219, 220 (8th Cir.1988) (The circuit declined to rule on whether the

1985 amendments to the Farm Credit Act could be a basis for an equitable defense to a foreclosure action.) That issue has been decided by at least one state supreme court. In *Federal Land Bank of St. Paul v. Overboe,* 404 N.W.2d 445, 449 (N.D.1987) the court determined that a Federal Land Bank's failure to comply with an administrative forbearance regulation and policies adopted under the regulation gave rise to a valid equitable defense to a state court foreclosure action.

This court will assume without deciding that the Freeses may raise an alleged violation of the Farm Credit Act defensively to reduce FCBO's claim against it. The court declines to decide this issue because this case may be resolved on the basis of more settled law.

## IV.

Recoupment has been defined as the defendant's right "to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation ... or because he has violated some duty which the law imposes upon him...." *U.S. v. Wilson,* 523 F.Supp. 874, 900 (N.D.Iowa 1981), *rev'd.,* 707 F.2d 304 (8th Cir.1982), citing 20 Am.Jur.2d, *Counterclaim Recoupment and Set Off,* § 1, p. 228 (1965). The doctrine is recognized under Iowa law. *Morris Plan Leasing Co. v. Bingham Feed and Grain Co.,* 259 Iowa 404, 143 N.W.2d 404, 413–414 (1966) *reh'g. denied* 1966; *Kelly v. Emary,* 242 Iowa 683, 45 N.W.2d 866, 869 (1951). At common law, recoupment must have derived from a defendant's claim arising out of the same transaction as the plaintiff's claim. C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1401 (1990).

## V.

### CLAIM PRECLUSION

State court "[a]cts, records and judicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from

which they are taken." 28 U.S.C. § 1738. That statute "requires federal courts to give the same preclusive effect to state-court judgments that those judgments would be given in the courts of the states from which the judgment emerged." *Swapshire v. Baer,* 865 F.2d 948, 950 (8th Cir.1989) citing *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). To determine whether the state court judgment precludes the Freeses from raising their interest argument as an objection to FCBO's claim, the court must consider the preclusive effect which Iowa courts would give the judgment. If the issue would be barred under state law, it is then necessary to determine if an exception to § 1738 should apply. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 385, 105 S.Ct. 1327, 1334, 84 L.Ed.2d 274 (1985). The elements of claim preclusion in Iowa were discussed by this court in *Matter of Sinnard,* 91 B.R. 850, 852 (Bankr.N.D.Iowa 1988)[2]. The requirements of claim preclusion were stated as follows:

First, the adjudication in the prior suit must have been between the same parties to the present suit. *Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988). Second, a final adjudication on the merits must have occurred in the prior suit. *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 286 (Iowa 1976). Finally the claim or defense sought to be precluded must be the same as that raised in the prior suit. *Israel v. Farmers Mut. Ins. Ass'n of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983). This final element is satisfied when the claim or defense could have been, but was not, asserted in the prior action. *Id.* ("An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination.)

91 B.R. at 850.

The principle of res judicata or claim preclusion is recognized in Iowa. *In re Ramsay's Estate,* 240 Iowa 50, 35 N.W.2d

2. The Honorable Robert D. Martin, sitting by    special designation.

651, 656 (1949). The first two elements of claim preclusion are easily resolved in favor of FCBO. The bankruptcy claims dispute and the state court foreclosure action involved the same parties, and the state court entered a final adjudication on the merits of FCBO's state court action. Thus, the Freeses will be precluded by the state court judgment only if they raised the interest claim or they could have raised it.

In Iowa state court, a defendant's answer "must state any additional facts deemed to show a defense." I.R.C.P. 72; *Folkner v. Collins*, 249 Iowa 1141, 91 N.W.2d 545, 547 (1958). The Iowa Supreme Court has defined an "affirmative defense" as "one resting on facts not necessary to support plaintiff's case." *Foods, Inc. v. Leffler*, 240 N.W.2d 914, 920 (Iowa 1976). In Iowa, recoupment is a defense. *Kaltoft v. Nielsen*, 252 Iowa 249, 106 N.W.2d 597, 601 (1960). Violations of the Farm Credit Act were described as "equitable defenses" to the foreclosure in *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 449 (N.D.1987) and in *dicta* in *Redd v. Federal Land Bank of St. Louis*, 851 F.2d 219, 222 (8th Cir.1988). Debtors' brief in opposition to the motion for summary judgment describes the recoupment claim as a "defense."

▪ An existing defense which might have been but was not pleaded in a former action between the parties cannot later be used to defeat a judgment rendered in the former action. *Turner v. Sandhouse*, 205 Iowa 1151, 216 N.W. 58, 60 (1927); *Matter of Sinnard*, 91 B.R. 850, 852–853 (Bankr.N.D.Iowa 1988); *Lovely v. Laliberte*, 498 F.2d 1261, 1263 (1st Cir.1974) *cert. denied* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974); *Robbins v. District Court of Worth County, Iowa*, 592 F.2d 1015, 1017 (8th Cir.1978) *cert. denied* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979).

The court is persuaded that the "excessive interest" defense existed at the time of the foreclosure action. Written materials attached to the debtors' "Objection to Claim" show that concern over the lack of a call provision in Farm Credit bonds existed as early as September, 1986. The debtors themselves appear to have raised the issue in resisting FCBO's motion for summary judgment in state court.

The court concludes that the state courts of Iowa would give preclusive effect to FCBO's judgment against the Freeses, preventing them from raising the recoupment claim or defense in a later action. The Freeses have not pointed out any grounds for an exception to the application of 28 U.S.C. § 1738. There has been no showing that the state court was prevented, on jurisdictional grounds, from considering the Freeses' interest argument. The court believes there is no basis for finding that the state court lacked jurisdiction over the Farm Credit Act issue. The court concludes that under the doctrine of claim preclusion as it exists in Iowa, the Freeses are barred in this bankruptcy case from raising violations of the Farm Credit Act in order to reduce FCBO's claim against them.

## VI.

The Freeses further argue that despite the entry of judgment against them, the recoupment claim can be used to reduce FCBO's claim. They rely on the language of *Ness v. Greater Arizona Realty, Inc.*, 117 Ariz. 357, 572 P.2d 1195, 1198 (App. 1977) *reh'g. denied* (1977) *rev. denied* (1977): "[R]ecoupment is an equitable doctrine which can be used to reduce or eliminate a judgment, but not for affirmative relief. It is a species of defense which survives as long as the plaintiff's claim can be asserted." The debtors misread the import of those words. In *Ness*, a realty company sued Ness on a promissory note. Ness sought setoff in the same action. The plaintiff realty company had no existing judgment. Ness sought to reduce any judgment to be awarded to the plaintiff. *Ness* does not stand for the proposition that a defendant can wait until after judgment is entered to raise a recoupment defense. The language cited by Freeses, *id.* 572 P.2d at 1198, means only that recoupment can reduce or eliminate the judgment *to be awarded* even if the defendant is not entitled to affirmative relief.

## VII.

Regardless of whether Freeses raised or did not raise the issue of excessive interest in the state court foreclosure action, they are now barred from doing so under the doctrine of claim preclusion. They may not now allege violation of the Farm Credit Act to reduce FCBO's claim in bankruptcy.

## VIII.

There is presently a discovery dispute pending before the court. In light of the court's determination to overrule debtors' objection to the FCBO claim, the court concludes that the debtors' motion to compel should be denied.

## ORDER

The motion for summary judgment filed by FCBO is granted. Debtors' objection to FCBO's claim is overruled. Judgment shall enter accordingly.

Debtors' motion to compel discovery is denied.

SO ORDERED.