**Maudie Mae LOHSE, Appellant,**

v.

**ST. LOUIS CHILDRENS HOSPITAL,
INC., et al., Respondents.**

**No. 45685.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 18, 1983.

V. John Kessler, St. Louis, for appellant.

John Sandberg, St. Louis, for respondents.

CRIST, Judge.

"Prima facie tort" allegations dismissed. We affirm.

Appellant Lohse suffered an injury while working for respondent hospital in 1976. She was discharged in 1978. In 1979 she filed suit against hospital for "wrongful discharge" in violation of § 287.780, RSMo 1978 relating to discharge of employees for exercising their rights under workers compensation laws. Through discovery, Lohse learned her original employment, workers compensation and grievance committee records had been destroyed, and that the hospital had kept only copies of the originals. Thereafter, Lohse filed her first amended petition in two counts. Count I repeated her claim for wrongful discharge. Count II attempted, unsuccessfully, to assert a claim under the doctrine of "prima facie tort" for destruction of the original records. Count II was dismissed by the trial court for failure to state a claim.

The elements of a cause of action under "prima facie tort" are as follows:

1. An intentional lawful act by the defendant;

2. An intent to cause injury to the plaintiff; .

3. Injury to plaintiff; and

4. An absence of any justification or any insufficient justification for the defendant's act. *Wilt v. Kansas City Area Transportation Authority,* 629 S.W.2d 669, 672–73 (Mo.App.1982).

In her amended pleadings, Lohse pled: 1) destruction of the records; 2) destruction done with intent to injure Lohse; 3) injury to Lohse; and 4) willful, wanton and malicious conduct on the part of the hospital. Lohse failed to plead facts showing absence of any justification or an insufficient justification for their destruction. This omission was fatal to her cause of action in Count II. *Id; Porter v. Crawford & Company,* 611 S.W.2d 265 (Mo.App.1980). *See Boyer v. Carondelet Savings & Loan Ass'n.,* 633 S.W.2d 98, 100 (Mo.App.1982) regarding the necessity of pleading ultimate facts showing an actual intent to cause injury.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.