661 F.Supp. 861 (1987)
Donald E. REDD and Mary A. Redd, Plaintiffs,
v.
FEDERAL LAND BANK OF ST. LOUIS, Federal Land Bank Association of Northeast Missouri, and Doug Browne, Trustee, Defendants.
No. N86-155C.
United States District Court, E.D. Missouri.
April 13, 1987.
*862 Dale Reesman, Williams, Reesman & Tate, Boonville, Mo., Robert M. Clayton, II, Clayton & Stine, Hannibal, Mo., for plaintiffs.
David A. Lander, Thomas M. Dee, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., Clifford H. Ahrens, Rendlen, Rendlen, Ahrens, Browne & Rendlen, Hannibal, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendants' motion to dismiss. This action arises from plaintiffs' failure to make installment payments required by a promissory note that plaintiffs executed in favor of the Federal Land Bank of St. Louis. Defendants moved to foreclose, and plaintiffs filed this action. Plaintiffs allege that defendants have violated the Farm Credit Act of 1971 (the Act), 12 U.S.C. § 2001, et seq., the regulations promulgated pursuant to the Act, and the fifth amendment. Defendants argue that they are not subject to the requirements of the fifth amendment and that there is no implied private right of action under the Act, the regulations, or the amendment to the Act.
A court, in determining whether to imply a private right of action under a statute should consider the factors set out by the Supreme Court in Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087-2088, 45 L.Ed.2d 26 (1975): is plaintiff one of the class for whose special benefit the statute was enacted; is there a legislative intent to create a remedy; is the implied remedy consistent with the purposes of the Act; and is implication of a federal remedy an inappropriate exercise of federal power in an area traditionally relegated to state law. The Supreme Court, in recent cases, has looked almost exclusively to the issue of intent and applied the four factors as indicia of the legislative intent. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); Hofbauer v. Northwestern National Bank of Rochester, 700 F.2d 1197 (8th Cir.1983).
The courts that have considered the issue hold that there is no implied private right of action under the Act. See Bowling v. Block, 785 F.2d 556, 557 (6th Cir. 1986) (per curiam), cert. denied sub nom Bower v. Lyng, ___ U.S. ___, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); Smith v. Russellville Production Credit Association, 777 F.2d 1544, 1547 (11th Cir.1985); Creech v. Federal Land Bank of Wichita, 647 F.Supp. 1097, 1101 (D.Colo.1986); Aberdeen Production Credit Association v. Jarrett Ranches, Inc., 638 F.Supp. 534, 537 (D.S.D.1986); Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul, 625 F.Supp. 713, 719 (D.Minn.1986). The Court agrees with these cases and holds that there is no implied private right of action under the Farm Credit Act and the related regulations.
None of these courts has considered whether the 1985 amendments create an implied right of action. Plaintiffs rely on the rights of applicants sections of the amendments, 12 U.S.C. §§ 2199-2208, in *863 support of an implied cause of action. The relevant parts of these sections provide for disclosure of certain information to the borrowers and require the Farm Credit Administration to develop a policy of forbearance, a written copy of which is to be given to borrowers.
The Court finds that the language of the amendments and the legislative history do not show an intent to create an implied right of action. The statute does not provide any private right of action, and the legislative history shows that an amendment to impose personal liability for damages on directors and officers of the farm credit system was rejected in committee.
Mr. Glickman offered an amendment that would hold directors and officers of the System personally and individually liable for damages suffered when they knowingly violate this Act, or any rate regulation or order issued thereunder. It was pointed out that such severe penalties would discourage persons from serving as directors or officers. In addition, the bonding costs would add a considerable burden and cost to these institutions, if such bonds were to equal those or [sic] commercial-for-profit institutions. It was also pointed out that various other legal remedies already exist to address this matter.
H.R.Rep. No. 425, 99th Cong., 1st Sess. 44, reprinted in 1985 U.S.Code Cong. & Admin.News 2587, 2631.
As the committee report states, there are other remedies. A central part of the amendments establishes the Farm Credit Administration as an independent regulatory agency with extensive enforcement powers. Those powers include the power to issue cease and desist orders against any institutions, or persons who violate the provisions of the Act or applicable regulations. 12 U.S.C. § 2261. A party may obtain judicial review in the appropriate United States Court of Appeals. 12 U.S.C. § 2266(b). The Farm Credit Administration also has the power to suspend or remove an officer or director, 12 U.S.C. § 2264. The amendments also provide for civil and criminal penalties for violations. The civil penalties are paid into the Treasury of the United States. 12 U.S.C. §§ 2268(a) and (g), 2269.
A comprehensive remedial scheme such as this shows that Congress considered the remedy it intended for violations of the Act. Where a private action is not provided, there is an inference that Congress did not intend one. Transamerica Mortgage Advisors v. Lewis, 444 U.S. at 20, 100 S.Ct. at 247; see also Hofbauer v. Northwestern National Bank of Rochester, 700 F.2d at 1201 (agency authorized to supervise lenders empowered to issue cease and desist order).
Plaintiffs point to statements made by Representative De La Garza in response to a question during debate on the 1985 amendments.
Mr. Speaker, I rise in support of H.R. 3792 and to enter into a brief colloquy with you as one of the principal authors of this legislation. One major section of this bill establishes rights farmers have as borrowers from the Farm Credit System. I know you share with me the belief that applicants and member-borrowers need assurances throughout the process that they are being treated fairly. In addition to such guidelines and regulations, will this legislation provide applicants and member-borrowers the option of utilizing the court system to ensure they are properly enforced?
Mr. De La GARZA. Mr. Speaker, I thank the gentleman for assisting us in clarifying this issue.
Yes, Mr. PENNY, as you indicate, a major section of this bill does establish a set of borrowers' rights, and it would be my understanding that the rights of applicants and member-borrowers as set forth in this act and in the regulations of the Farm Credit Administration shall be enforceable in courts of law.
131 Cong.Rec. H11518-19 (daily ed. December 10, 1985).
While statements of this sort are entitled to some weight where they are consistent with the statute and other legislative history, they are not controlling in determining legislative intent. Brock v. Pierce County, ___ U.S. ___, 106 S.Ct. *864 1834, 1840, 90 L.Ed.2d 248 (1986). In light of the comprehensive remedial scheme in the statute which does not include any kind of private action and the action of the committee in refusing to amend the proposed legislation to include an action for damages, the Court finds that the Congress intended no private right of action of any kind. The Court finds that the remaining factors of the Cort analysis do not suggest a different legislative intent.
Defendants also argue that plaintiffs have no claim under the fifth amendment since defendants are not agents of the federal government. This view has substantial support. See LPR Land Holdings v. Federal Land Bank of St. Paul, 651 F.Supp. 287, 291-92 (E.D.Mich.1987); Birbeck v. Southern New England Production Credit, 606 F.Supp. 1030, 1034-35 (D.Conn.1985); DeLaigle v. Federal Land Bank of Columbia, 568 F.Supp. 1432, 1439 (S.D.Ga.1983), overruled on other grounds, Smith v. Production Credit Association, 777 F.2d 1544, 1548 n. 1 (11th Cir.1985).
The Eighth Circuit has touched on this issue in Schlake v. Beatrice Production Credit Association, 596 F.2d 278, 281 (8th Cir.1979). The Court there held that Schlake had no constitutionally protected interest by virtue of his loan application. The Court stated that the jurisdictional issue caused considerable difficulty and held that the pervasive regulation of production credit associations and the association's special tax status created "a colorable basis for jurisdiction in this case." The Court went on to find that "even with a finding of subject matter jurisdiction, plaintiff is factually not entitled to relief." Id. at 281 n. 4. This Court is of the opinion that Schlake does not establish that the acts of Federal Land Banks are the acts of the federal government for purposes of the fifth amendment and that the Eighth Circuit, if squarely presented with the issue, would hold that the fifth amendment is inapplicable in a case such as this.
Plaintiffs' state court petition arguably asserts state law claims for breach of contract. The Court declines to exercise its pendent jurisdiction. The appropriate procedure here is to remand the case to the state court. See Hofbauer v. Northwestern National Bank of Rochester, 700 F.2d at 1201.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss is GRANTED and that plaintiffs' claim for relief is DISMISSED without prejudice to the extent it seeks relief based on the Farm Credit Act, the regulations under that Act, and the fifth amendment.
IT IS FURTHER ORDERED that the remaining state claims are REMANDED to the state court from which they were removed.