726 F.Supp. 1201 (1989)
H. Roger HILL, et al., Plaintiffs,
v.
FARM CREDIT BANK OF ST. LOUIS, et al., Defendants.
No. N 88-0079 C.
United States District Court, E.D. Missouri, N.D.
December 6, 1989.
*1202 *1203 Fredrich J. Cruse, Vicki A. Dempsey and D. Terrell Dempsey, Hannibal, Mo., for plaintiffs.
Harry B. Wilson and Kathleen M. Whitby, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
Plaintiffs Roger and Samantha Hill ("the Hills") bring this action against the Farm Credit Bank of St. Louis ("the FCB"), Kenneth Niemeyer, Joe G. Richardson, Thomas J. Deveny and Walter L. Plefka ("the individual defendants").[1] The Hills allege that defendants 1) violated Title I of the Agricultural Credit Act of 1987, Pub.L. No. 100-233, 101 Stat. 1568, codified at 12 U.S.C. § 2001 et seq. ("the 1987 Act") by failing to give them notice of an opportunity to restructure their past-due FCB loan obligations; 2) violated the equal protection and procedural due process clauses of the fifth amendment to the Constitution by foreclosing on the property without affording them notice of an opportunity to restructure; and 3) committed a prima facie tort under Missouri law. The FCB has counterclaimed for the deficiency allegedly due on the FCB loan, ejectment, conversion, and holdover damages.
By stipulation the parties have submitted this suit to the Court for decision on the basis of briefs and stipulations of fact, deposition testimony, affidavits and exhibits. The Court, having considered all of the aforementioned materials and the applicable law, now enters judgment in favor of defendants on plaintiffs' claim and in favor of the FCB on its counterclaim and makes the following findings of fact and conclusions of law in accordance with Rule 52, Fed.R.Civ.Pro.

Findings of Fact
With the additions hereafter noted, the Court adopts in their entirety the joint stipulations of fact filed by the parties on October 7, 1988 and October 18, 1988.
*1204 Plaintiffs Roger and Samantha Hill are farmers who reside in Adair County, Missouri. Defendant, the Farm Credit Bank of St. Louis, is a private farmer-owned cooperative chartered by the United States for the purpose of making agricultural loans to farmers. The FCB is an instrumentality of the United States under 12 U.S.C. § 2011 and an arm of the Farm Credit System. The FCB makes loans in the Sixth Farm Credit District which encompasses Missouri, Arkansas and Illinois.
On June 17, 1977 the Hills pledged their farmland as security for a $215,000.00 loan from the FCB. The Hills made the required payments under the loan through December 1982, but since that time they have made only two payments on the loan. The loan was restructured in 1984 pursuant to a voluntary reamortization agreement and in 1986 under a Chapter 11 reorganization plan which was confirmed by the United States Bankruptcy Court for the Eastern District of Missouri. On December 1, 1987 the Hills failed to make the payment on their FCB loan as required under the confirmed Chapter 11 reorganization plan.
On December 11, 1987 defendant Richardson, acting in his official capacity as an agent of the FCB, sent letters to the Hills demanding payment of the 1987 installment on their FCB loan and advising the Hills of their right to apply for forbearance on their loan under the 1985 Amendments to the Farm Credit Act of 1971. On December 23, 1987 the Hills submitted a forbearance application to the FCB. On December 30, 1987 the FCB through Mr. Richardson sent the Hills a letter notifying them that their forbearance application had been denied.
On January 6, 1988 the Agricultural Credit Act of 1987 was signed into law. Beginning in January 1988 and continuing through February and March 1988, the Hills and various employees of the FCB engaged in an ongoing dialogue regarding the Hills' loan. The purpose of this dialogue was to reach an agreement for a restructuring of the Hills' loan satisfactory to both the Hills and the FCB. On February 13, 1988 the Hills sent a letter to the FCB requesting that they be given "all borrowers rights" as provided in the 1987 Act. On March 1, 1988 the FCB notified the Hills that they were in default and accelerated the amounts due on the loan. On March 2, 1988 defendant Niemeyer, acting in his capacity as an agent of the FCB, responded to plaintiffs' February 13, 1988 letter and forwarded them a copy of the FCB's distressed loan restructuring policy. The FCB did not send the Hills a restructuring application when it sent the Hills a copy of the Bank's distressed loan restructuring policy.
On March 21, 1988 the Hills filed a voluntary petition for reorganization under Chapter 12 of the United States Bankruptcy Code. The FCB filed a motion to dismiss the Chapter 12 proceeding or, in the alternative, to obtain relief from the automatic stay. On March 25, 1988, the appointed date for foreclosure on the Hills' farm under the Chapter 11 confirmed reorganization plan, the Honorable John Barta, Judge of the United States Bankruptcy Court for the Eastern District of Missouri, Northern Division held a hearing on the FCB's motion. At the close of the hearing Judge Barta issued an order dismissing the Hills' Chapter 12 proceeding because the Chapter 11 proceeding was still active and pending before the bankruptcy court. Judge Barta also denied the Hills' motion to modify their confirmed Chapter 11 reorganization plan but offered them an opportunity to dismiss all bankruptcy proceedings in order to pursue other remedies. Judge Barta further noted that "since the post confirmation default the Debtors have elected not to avail themselves of any remedies which may be available to them under the pending Chapter 11 case." In re Roger Hill and Samantha Hill, 84 B.R. 623, 624 (E.D.Mo.1988).
Later the same day the Hills moved for reconsideration of Judge Barta's order. In moving for reconsideration the Hills raised their claim relating to the restructuring provisions of the 1987 Act. Judge Barta denied the motion for reconsideration, but offered to enter a stay pending an appeal of his order or litigation of the Agricultural Credit Act claim in the district court. As a *1205 condition of the stay, Judge Barta required the Hills to post security in the full amount of the debt. The Hills declined to post the required security and did not appeal Judge Barta's order. The foreclosure proceeded and the FCB acquired the farm at the foreclosure sale. Almost two months later the Hills filed this action.

Conclusions of Law

The Hills' Claims under the Agricultural Credit Act of 1987
The FCB asserts that plaintiffs' claim under the 1987 Act is barred by the doctrine of res judicata. Specifically, the FCB contends that the Hills should have pursued their claims under the 1987 Act in the context of their Chapter 11 bankruptcy proceeding and that their failure to do so bars relitigation of those claims in this Court. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); see also Headley v. Bacon, 828 F.2d 1272, 1274 (8th Cir.1987). It is settled law that the bar extends to issues which "might have been litigated" in the prior proceeding. Edwards v. Arkansas Power & Light, 683 F.2d 1149, 1152 (8th Cir.1982).
The Hills could have asserted their claims under the 1987 Act in the context of the bankruptcy proceeding. They failed to do so until hours before the appointed time for foreclosure. At that point Judge Barta agreed to allow them to pursue those remedies, but in light of the impending foreclosure sale, he required the posting of security. Judge Barta also specifically held that the Hills had failed to pursue remedies available to them. The Hills declined to post the security and failed to appeal Judge Barta's order. Months later they filed this action seeking relief under the 1987 Act.
On the basis of these facts, the Court concludes that plaintiffs had a full and fair opportunity to litigate their 1987 Act claims in the context of the bankruptcy proceeding but that they failed to do so. Accordingly, the Hills are not entitled to relitigate these claims in this Court.
The Court notes, however, that the proper application of the 1987 Act to debtors in bankruptcy was uncertain at the time relevant to this dispute. Therefore, the Court will address the merits of the Hills' claims under the 1987 Act.
The Hills assert that they are entitled to injunctive relief and damages due to the FCB's alleged failure to provide them with an opportunity to restructure their loan prior to foreclosure. Defendants contend, in the alternative, that such relief is not available under the 1987 Act, that the 1987 Act does not apply to debtors in bankruptcy or that the FCB did not violate the Act.
With respect to defendants' first contention, the Eighth Circuit has recently ruled that "farm borrowers have a private right of action to enforce the borrowers' rights provisions" of the 1987 Act. Zajac v. Federal Land Bank of St. Paul, 887 F.2d 844, 856 (1989). The Eighth Circuit did not hold that damages were available to borrowers for violations of the borrowers' rights provisions of the 1987 Act. Id. at 857 n. 16. Thus the Hills have an implied private right of action for injunctive relief under the 1987 Act, but their request for damages must fail.
Defendants also assert that plaintiffs, as debtors in bankruptcy, may not avail themselves of the borrowers' rights established by the 1987 Act. This contention is in error. "[T]he protections of the [Agricultural Credit Act of 1987] are available to those who have filed bankruptcy petitions prior to the effective date of the Act...." In re Hilton Land & Cattle Co., 101 B.R. 604, 605 (D.Neb.1989). Upon review of the legislative history of the 1987 Act, the Court is persuaded that Congress did not intend to exclude debtors in bankruptcy from the protections of the Act. (Compare definition of distressed loan in Senate Rep. 230, 100th Cong., 1st Sess., 170 H.R.Conf.Rep.; 100th Cong., 1st Sess., 8). Therefore, the Court concludes that the Hills are entitled to the protections of the *1206 Act despite the fact that they defaulted upon their FCB loan and submitted it for restructuring in bankruptcy prior to the effective date of the Act.
Having found that the 1987 Act is applicable to the Hills' claim, the Court must now determine whether the FCB's conduct with respect to the Hills' loan violated the Act. The Hills contend that the FCB violated the Act by failing to provide them with notice of their right to restructure the loan at least forty-five days prior to foreclosure. The parties agree that the FCB did not send the Hills written notice of an opportunity to negotiate a restructuring of their loan forty-five days before the Bank began foreclosure proceedings. Nevertheless, the FCB contends that no violation of the Act occurred because the forty-five day notice provision does not apply to the Hills.
Two sections of the 1987 Act address the issue of notice before foreclosure. Section 2202a(b) provides:
(b) NOTICE
* * * * * *
(2) NOTICE BEFORE FORECLOSURE. Not later than 45 days before any qualified lender begins foreclosure proceedings with respect to a loan outstanding to any borrower, the lender shall notify the borrower that the loan may be suitable for restructuring and that the lender will review any such suitable loan for restructuring, and shall include with such notice a copy of the policy and the materials described in paragraph (1).
The statute creates an exception to this general notice provision for loans that became distressed prior to the effective date of the statute, January 6, 1988.
(k) APPLICATION OF SECTION.The time limitation prescribed in subsection (b)(2), and the requirements of subsection (c), shall not apply to a loan that became a distressed loan before the date of the enactment of this section if the borrower and lender of the loan are in the process of negotiating loan restructuring with respect to the loan.

12 U.S.C. § 2202a(k) (emphasis supplied).
The Hills failed to make the required payment on their loan on December 1, 1987. At that time their loan became a distressed loan within the meaning of the Act.[2] Therefore, the notice provision of 12 U.S.C. § 2202a(k) would apply if the Hills and the FCB were in the process of negotiating a restructuring with respect to the loan. The Court concludes that the parties were engaged in such negotiations from January 6, 1988 when the Act took effect until the date of foreclosure. Mr. Hill met with or spoke to FCB representatives on January 6, March 3, March 4, March 14 and March 17, 1988. See Defendants' Exh. 00. The parties have stipulated that this ongoing dialogue was for the purpose of reaching "an agreement for a restructuring of the Hills' loan." Stipulation No. 20.
The Hills also assert that the FCB's failure to send an application form to the Hills at the time they were provided with a copy of the distressed loan restructuring policy mandates a determination that the FCB failed to provide the Hills with an opportunity to restructure their loan. The Court does not agree with this contention. The 1987 Act specifically provides that a lender may propose a restructuring plan in the absence of an application from the borrower. 12 U.S.C. § 2202a(d)(2). On March 3, 1988 and March 4, 1988 the FCB made two such proposals.[3] The FCB first offered *1207 to forego foreclosure on the accelerated debt in exchange for payment of the delinquent installment plus interest and the cost of initiating foreclosure. Thereafter the FCB offered to sell the Hills' promissory note. On March 17, 1989 Mr. Hill responded to these offers with a counterproposal. The Hills and the FCB negotiated throughout that day but could not reach an agreement. Negotiations continued up until the time of foreclosure but the parties were unable to reach a restructuring agreement less costly to the FCB than foreclosure. Therefore, the foreclosure proceeded.
There is no evidence before the Court to suggest that the FCB's failure to provide the Hills with an application for restructuring in any way hampered the parties' ongoing negotiations with respect to restructuring. In addition the Court notes that the FCB provided the Hills with an application for forbearance under the 1985 amendments to the Agricultural Credit Act in December of 1987 when the loan first became distressed. The FCB reviewed this application and determined that foreclosure would maximize the FCB's return on the Hill loan.
On the basis of the foregoing, the Court now concludes that the forty-five day notice provision of the Act does not apply to the Hills because their loan became distressed prior to the effective date of the Act and was the subject of restructuring negotiations at the time the Act took effect. The Court further concludes that FCB did not violate the Act by failing to provide the Hills with a restructuring application because the FCB previously had provided the Hills with a forbearance application and had continued to discuss restructuring the loan after rejecting the forbearance application.

The Hills' Claims under the 1987 Act Against the Individual Defendants
Plaintiffs also assert a claim under the 1987 Act against the individual defendants, who are employees and agents of the FCB. Defendants assert, and the Court agrees, that there is no basis under the Act for imposing liability on the individual defendants. The 1987 Act imposes restructuring duties on "qualified lenders" defined by the Act as "System institutions." See 12 U.S.C. §§ 2202a(a)(6) and (b)(1)-(3). When these terms are afforded their ordinary meanings, as required by accepted principles of statutory construction, it is clear that the 1987 Act imposes liability only upon institutions chartered by the Farm Credit Association. See United States v. Jones, 811 F.2d 444, 447 (8th Cir.1987).
In addition, the parties have stipulated that the individual defendants acted only in their capacities as agents for the FCB. Plaintiffs have not alleged that the individual defendants exceeded the scope of their authority as agents of the FCB or otherwise acted in their individual capacities. Thus plaintiffs allege only that the individual defendants acted or failed to act on behalf of their disclosed principal, the FCB. Under general tenets of agency law, a third party has no right of action against an agent who acts on behalf of a disclosed principal. State ex rel. William Ranni Assoc., Inc. v. Hartenbach, 742 S.W.2d 134, 140 (Mo.1987); David v. Shippy, 684 S.W.2d 586, 587-88 (Mo.Ct.App.1985); and Hamilton Music, Inc. v. Gordon A. Gundaker Real Estate Co., 666 S.W.2d 840, 845 (Mo.Ct.App.1984). Plaintiffs have not alleged that the identity of the principal, the FCB, was not disclosed to them. Accordingly, there is no basis under the general tenets of agency law for the imposition of liability on the individual defendants. Hamilton Music, Inc., 666 S.W.2d at 845. Because the 1987 Act imposes restructuring duties solely upon "System institutions" and plaintiffs have not alleged that the FCB's identity as the principal in this transaction was undisclosed, plaintiffs have not stated a claim for relief under the 1987 Act against the individual defendants.

*1208 The Fifth Amendment Claims
The Hills assert that defendants' alleged failure to provide them with an opportunity to restructure their loan prior to foreclosure violated their rights to equal protection and due process under the fifth amendment to the United States Constitution. The fifth amendment protects citizens from actions taken by the federal government or its agents. Warren v. Government Nat. Mortg. Ass'n 611 F.2d 1229 (8th Cir.), cert. denied, 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980). Defendants assert that because the FCB is not a federal agency but a privately organized, owned and operated federal instrumentality, the fifth amendment does not apply to its actions. See 12 U.S.C. § 2011. There is substantial support for this position. See Redd v. Federal Land Bank of St. Louis, 661 F.Supp. 861, 864 (E.D.Mo.1987), aff'd on other grounds, 851 F.2d 219 (8th Cir. 1988); LPR Land Holdings v. Federal Land Bank of St. Paul, 651 F.Supp. 287, 291-92 (E.D.Mich.1987); Birbeck v. Southern New England Production Credit, 606 F.Supp. 1030, 1034-35 (D.Conn.1985); DeLaigle v. Federal Land Bank of Columbia, 568 F.Supp. 1432, 1439 (S.D.Ga.1983), rev'd on other grounds, Smith v. Production Credit Ann's, 777 F.2d 1544, 1548 n. 1 (11th Cir.1985).
The Eighth Circuit has not squarely addressed the issue of whether the acts of FCB are the acts of the federal government for purposes of the fifth amendment. In Schlake v. Beatrice Production Credit Ass'n, 596 F.2d 278, 281 (8th Cir.1979), the Eighth Circuit concluded after "considerable difficulty" that the pervasive federal regulation of production credit associations coupled with their special tax status created a "colorable basis" for a finding of federal subject matter jurisdiction. In Zajac v. Federal Land Bank of St. Paul, 887 F.2d at 855-56 (1989), the Eighth Circuit, in the course of reviewing the applicability of the Anti-Injunction Act to a claim for relief under the 1987 Act, noted that "Federal Land Banks were created by Congress as instrumentalities of the United States." The Court also opined that the rights and remedies available under the 1987 Act are "absolutely federal." Id.
This Court is of the opinion that these precedents do not establish that the acts of the FCB are the acts of the federal government for purposes of the fifth amendment. Accordingly, this Court now holds on the basis of the aforementioned authorities that the FCB is not an agent of the federal government for purposes of the fifth amendment. Thus plaintiffs' fifth amendment claims must fail.

The Prima Facie Tort Claim
Plaintiffs also assert a pendent claim of prima facie tort. In pleading this claim, plaintiffs reallege and incorporate by reference all of the statutory and constitutional violations in their complaint and append thereto allegations of willful, wanton conduct and resultant injury. These allegations do not state a claim for prima facie tort under Missouri law.
The elements of a cause of action for prima facie tort are:
(1) An intentional lawful act by the defendant;
(2) An intent to cause injury to the plaintiff;
(3) Injury to plaintiff; and
(4) An absence of any justification or insufficient justification for the defendant's act.
Greco v. Robinson, 747 S.W.2d 730, 734 (Mo.Ct.App.1988); Lohse v. St. Louis Children's Hospital, Inc., 646 S.W.2d 130, 131 (Mo.Ct.App.1983); see also Anselmo v. Manufacturers Life Ins. Co., 595 F.Supp. 541, 548 (W.D.Mo.1984), aff'd, 771 F.2d 417 (8th Cir.1985).
Plaintiffs have not plead "the element of absence of justification or insufficient justification." In Lohse v. St. Louis Children's Hospital, 646 S.W.2d at 131, the Missouri Court of Appeals held that failure to plead this element was fatal to a claim for prima facie tort and affirmed the trial court's dismissal of the claim. See also Anselmo, 595 F.Supp. at 548. In addition, plaintiffs fail to plead "an intentional lawful act by defendants." Plaintiffs rest their prima facie tort claim upon defendants' *1209 purportedly unlawful actions under the 1987 Act. If plaintiffs' prima facie tort claim is construed as an alternative basis for recovery predicated upon the Court's conclusion that defendants' actions were lawful, it must also fail. Greco, 747 S.W.2d at 735. There is no evidence before the Court that the FCB's decision to foreclose upon the Hills' loan lacked justification. The FCB duly concluded that the costs of restructuring exceeded the cost of foreclosure. This conclusion justifies the FCB's actions. See Greco, 747 S.W.2d at 735.
For these reasons, the Court now holds that plaintiffs have failed to state a cognizable claim of prima facie tort.

The FCB's Counterclaims
The FCB has counterclaimed for the costs and attorney's fees incurred to obtain the deficiency. The Hills assert that the FCB cannot obtain a deficiency judgment or expenses because the foreclosure occurred during the pendency of the Hills' Chapter 11 proceeding. Neither party has provided the Court with convincing authority for its position, but the Court concludes that the FCB has waived its right to obtain a deficiency judgment on the debt. The FCB has asserted and the Court agrees that the foreclosure occurred as a result of the Hills' default under their confirmed Chapter 11 plan. The Chapter 11 proceeding was dismissed some weeks after the foreclosure sale thereby discharging the Hills' debt to the FCB. See 11 U.S.C. §§ 727 and 1141(d) (1982). The FCB has not provided the Court with any authority that would permit the Court to enter a deficiency judgment with respect to a debt which presumably has been discharged by way of a proceeding under Chapter 11 of the Bankruptcy Code. In addition, the FCB has not asserted that the claim for the deficiency judgment was not discharged by virtue of the consummation of the confirmed Chapter 11 plan. Accordingly, the FCB's request for a deficiency judgment will be denied.
The FCB also seeks an order of ejectment and holdover damages under Missouri Revised Statutes §§ 524.010 and 524.110. A prima facie case of ejectment is shown by proof of title. Carender v. Barry, 623 S.W.2d 73, 75 (Mo.Ct.App.1981). The FCB has offered the properly recorded Substitute Trustee's Deed as evidence that it acquired title to the Hills' farm at the March 25, 1988 foreclosure sale. The Hills do not plead any defect in the FCB's current title to the property.
Moreover, it is settled law that the purchasers of real property at a foreclosure sale are entitled to possession. Frederich v. Tobaben, 124 S.W.2d 592, 593-94 (Mo.Ct. App.1939). It is undisputed that the Hills remain in possession of the farm despite the fact that they lost their possessory right to the farm as a consequence of the foreclosure sale. Accordingly, the FCB is entitled to an order of ejectment.
The FCB is also entitled to recover damages accrued during the time that the Hills' remained upon the land. Mo.Rev. Stat. § 524.110. The damages recoverable are "rents and profits down to the time of assessing the same...." Mo.Rev.Stat. § 524.110. The Court finds that the rents and profits set forth in defendants' Exhibit KK, with the exception of the claim for a deficiency judgment and costs of recovery, are supported by substantial evidence. There is no support for plaintiffs' claim of entitlement to a set-off in the amount of the reasonable value of their caretaking services. Accordingly, defendant shall recover holdover damages in the amounts specified in Exhibit KK from the date of foreclosure to the date of judgment. Defendant is hereby ordered to file a supplemental affidavit itemizing the damages recoverable through the date of judgment.
The FCB has also counterclaimed for plaintiffs' alleged conversion of the grazing rights to the land and the hay harvested during the pendency of this suit. Plaintiffs assert that they remained on the land, grazing cattle and harvesting hay, pursuant to "a firm belief that the foreclosure was improper." Such a belief, sincere though it may be, is not a defense to an action for conversion. Lacks v. R. Rowland & Co., 718 S.W.2d 513, 517 (Mo.Ct. *1210 App.1986). Thus defendants are entitled to recover as damages the reasonable market value of the converted property at the time of its conversion. Nika Corp. v. City of Kansas City, Mo., 582 F.Supp. 343, 357 (W.D.Mo.1983). With respect to grazing rights, the FCB has agreed to accept Mr. Hill's valuation of the lost grazing rights as $6,000.00. The fair market value of the hay, which varies depending upon the quality and nature of the hay, has not been ascertained by the FCB because it has not seen the hay. Plaintiffs are hereby ordered to provide the Court with evidence of monies obtained as a result of sales of hay harvested from the land during the pendency of this action in order that damages may be calculated. Defendants are also entitled to recover the sums itemized in ¶ 5 of Exhibit KK.

ORDER AND JUDGMENT
IT IS HEREBY ORDERED that defendants' request for oral argument be and it is denied.
Pursuant to the memorandum filed on this date herein, IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of defendants on plaintiffs' complaint.
Pursuant to the memorandum filed on this date herein, IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of defendant Farm Credit Bank on its counterclaims for ejectment, holdover damages and conversion.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of plaintiffs on defendant Farm Credit Bank's counterclaim for a deficiency judgment.
NOTES
[1] The parties have stipulated that the FCB is the successor in interest to the Federal Land Bank of St. Louis and should be substituted as a party defendant for the FLB.
[2] The statute defines a distressed loan as follows:

The term "distressed loan" means a loan that the borrower does not have the financial capacity to pay according to its terms and that exhibits one or more of the following characteristics:
(A) The borrower is demonstrating adverse financial and repayment trends.
(B) The loan is delinquent or past due under the terms of the loan contract.
(C) One or both of the factors listed in subparagraphs (A) and (B), together with inadequate collateralization, present a high probability of loss to the lender.
12 U.S.C. § 2202a(a)(3).
[3] 12 U.S.C. § 2202a(a)(7) defines "restructuring" as including:

rescheduling, reamortization, renewal, deferral of principal or interest, monetary concessions, and the taking of any other action to modify the terms of, or forebear on, a loan in any way that will make it more probable that the operations of the borrower will become more financially viable. (emphasis added.)