Larry LINRUD and Lyle Linrud, Plaintiffs and Appellees

v.

W. Robert ANDERSON and Virginia Anderson, Defendants and Appellants.

Civ. No. 910305.

Supreme Court of North Dakota.

July 30, 1992.

Michael G. Sturdevant (argued), of Olson, Sturdevant & Burns, Minot, for plaintiffs and appellees.

Thomas M. Disselhorst (argued), of Disselhorst Law Office, Bismarck, for defendants and appellants.

LEVINE, Justice.

W. Robert Anderson and Virginia Anderson appeal from a judgment evicting them from land in McHenry County. We affirm.

The Andersons mortgaged their farm, including their home, to Farm Credit Bank of St. Paul [Farm Credit]. The Andersons defaulted and Farm Credit foreclosed. Farm Credit was the successful bidder at the foreclosure sale.

During the redemption period, Farm Credit sold the sheriff's certificate of sale to Larry Linrud and Lyle Linrud. Prior to completing the sale to the Linruds, Farm Credit sent two notices to the Andersons affording them an opportunity to repurchase the property. One notice offered to sell the property to the Andersons for the $566,400 appraisal price; the other afforded the Andersons an opportunity to match the Linruds' offer of $540,000. Farm Credit did not, however, offer the Andersons the opportunity to purchase only their homestead. The Andersons did not repurchase or redeem the property, and upon expiration of the redemption period the Linruds received a sheriff's deed.

The Linruds commenced this eviction action in county court. The county court determined that the Linruds were entitled to possession and judgment was entered ordering the Andersons to vacate. The Andersons appealed.

The linchpin underlying all of the Andersons' legal theories on appeal is their assertion that the Linruds, as assignees of Farm Credit's rights under the sheriff's certificate of sale, assumed the duties imposed upon Farm Credit by state and federal law to offer the Andersons a right to repurchase the land. *Cf. Lang v. Bank of Steele,* 415 N.W.2d 787, 790–791 (N.D.1987) (sheriff's certificate of sale may be sold or assigned).

Borrowers receive a variety of rights under 12 U.S.C. § 2219a(a) when their agricultural real estate is acquired by an institution of the Farm Credit System through foreclosure or voluntary conveyance. Included is a right of first refusal if the Farm Credit System institution decides to sell the property:

"*Right of first refusal*

\* \* \* \* \* \*

"*(b) Application of right of first refusal to sale of property.* (1) Election to sell and notification. Within 15 days after an institution of the System first elects to sell acquired real estate, or any portion of such real estate, the institution shall notify the previous owner by certified mail of the owner's right—

"(A) to purchase the property at the appraised fair market value of the property, as established by an accredited appraiser; or

"(B) to offer to purchase the property at a price less than the appraised value." 12 U.S.C. § 2219a(b)(1).

In addition to the rights provided under federal law, state law gives a borrower entitled to repurchase under 12 U.S.C. § 2219a the additional right to repurchase less than the entire property:

"Right of certain debtors to purchase homesteads acquired by lenders. Any lender required under section 108 of the Agricultural Credit Act of 1987 [Pub.L. 100–233; 101 Stat. 1582; 12 U.S.C. 2219a] to offer a debtor the right to purchase property acquired by the lender shall offer the debtor the right to purchase the property in at least two separate parcels, one of which must be a compact contiguous tract of up to one hundred sixty acres [64.75 hectares] which includes the debtor's dwelling and does not unreasonably diminish the access, use, or value of the remaining property. Any payment made to the lender by the debtor to purchase a parcel must

be considered in any determination of whether the parcel unreasonably diminishes the access, use, or value of the remaining property. The offer must be made prior to any lease or sale of the tract including the dwelling to a third party and, in addition, at the time as required or permitted by the Agricultural Credit Act of 1987, but duplicative offers are not required. Failure of a lender to offer a debtor the right to purchase the property under the Agricultural Credit Act of 1987 does not give the debtor a claim for relief under this section." 1989 N.D.Sess.Laws Ch. 394, § 9.

Although Chapter 394 originally contained a two-year sunset clause, its application has been extended through June 30, 1993. 1991 N.D.Sess.Laws Ch. 360, § 2.

By their express terms, the state and federal enactments do not impose a duty upon third-party purchasers of a sheriff's certificate of sale. The federal statute specifically provides that when "an institution of the System" decides to sell acquired farmland, "the *institution* shall notify the previous owner" of the right to repurchase. 12 U.S.C. § 2219a(b)(1) (emphasis added). The institutions of the Farm Credit System include the "Farm Credit Banks, the Federal land bank associations, the production credit associations, the bank for cooperatives, and such other institutions as may be made a part of the System, all of which shall be chartered by and subject to regulation by the Farm Credit Administration." 12 U.S.C. § 2002(a). Chapter 394 similarly restricts its application to "[a]ny *lender*" required to offer repurchase rights under 12 U.S.C. § 2219a. On its face, neither statute applies to the Linruds, who clearly are not a "lender" or an "institution" of the Farm Credit System.

The only analogous case cited by the parties is *Hill v. Farm Credit Bank of St. Louis,* 726 F.Supp. 1201 (E.D.Mo.1989). In *Hill,* debtors brought suit seeking to impose individual liability upon employees of the Farm Credit System for failure to pro-

vide notice of the right to restructure the loan prior to foreclosure. The court held that the federal act imposed duties only upon System institutions:

> "The 1987 Act imposes restructuring duties on 'qualified lenders' defined by the Act as 'System institutions.' *See* 12 U.S.C. §§ 2202a(a)(6) and (b)(1)–(3). When these terms are afforded their ordinary meanings, as required by accepted principles of statutory construction, it is clear that *the 1987 Act imposes liability only upon institutions chartered by the Farm Credit Association." Hill, supra,* 726 F.Supp. at 1207 (emphasis added).

The statutory provision involved in this case is also part of the Agricultural Credit Act of 1987.

The Andersons have cited no relevant caselaw, legislative history or other supportive authority for their assertion that the Linruds had a duty to provide notice of repurchase rights under 12 U.S.C. § 2219a or Chapter 394. Neither the state nor federal enactments suggest that a lien or encumbrance which runs with the land is created, nor is there any language suggesting that the statutory duties apply to successors or assigns of the "lender" or "institution." Congress and the legislature presumably could have more clearly indicated a broader application of the statutory duty if that had been their intent.

We conclude that the Linruds had no statutory duty to provide notice to the Andersons of their right to repurchase the property under either 12 U.S.C. § 2219a or Chapter 394. Because this assertion provided the foundational basis for the remaining issues raised by the Andersons, our resolution of this issue obviates the need to address those issues. The judgment of the county court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, and MESCHKE, JJ., and GRAFF, District Judge, concur.

GRAFF, District Judge, sitting as a member of the Court to fill the vacancy

created by the resignation of Justice H. F. Gierke III. Justice Johnson, not being a member of this Court at the time this case was heard, did not participate in this decision.