Kathleen Saunders WILLIAMS, Individually, and Katherine Saunders Williams, Executrix of the Estate of Elizabeth George Saunders, Deceased, Plaintiffs,

v.

FEDERAL LAND BANK OF JACKSON, Federal Land Bank Association of Jackson, and Farm Credit System Assistance Board, as Successor in Interest to the Farm Credit System Capitol Corporation, Defendants.

Civ. A. No. 88–888.

United States District Court, District of Columbia.

Jan. 31, 1990.

---

Preston Davis Rideout, Jr., Abraham & Rideout, Greenwood, Miss. and Ronald L. Drake, Washington, D.C., for plaintiffs.

Richard B. Dagen, Sidley & Austin, Washington, D.C., for defendants Federal Land Bank of Jackson and Federal Land Bank Ass'n of Jackson.

Stephen J. Murphy, III, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, and Kathleen Mullarkey, Deputy Gen. Counsel, Farm Credit System Assistance Bd., Washington, D.C., for defendant Farm Credit System Assistance Bd.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

(Rule 12(b)(6), Fed.R.Civ.P.)

BARRINGTON D. PARKER, Senior District Judge.

### BACKGROUND

This is an action initiated by plaintiffs, residents and citizens of the State of Mississippi, against the Federal Land Bank of Jackson ("FLB"), its parent association, the Federal Land Bank Association of Jackson ("FLBA"), the Farm Credit System Capitol Corporation ("Capitol Corporation"), a company created to advise and assist the local institutions and the Farm Credit System Assistance Board ("Assistance Board"), a successor in interest to the Capitol Corporation.

The plaintiffs' amended complaint alleges that defendants wrongfully refused to release security in certain farm land serving as collateral for plaintiffs's indebtedness to the Federal Land Bank of Jackson ("Bank") and that the refusal caused plaintiffs to suffer injury. They seek relief under theories of breach of contract and torts law, including: intentional infliction of emotional distress, interference with business expectancy, negligence and breach of duty.

Plaintiff Kathleen Saunders Williams, individually, alleges that she has, as a direct and proximate result of the defendants' conduct, suffered severe emotional distress which has manifested itself in diminished familial relations, neglect of business and family responsibilities, as well as various other psychological and physical problems.

Defendants have moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. Rule 12(b)(6). For defendants to prevail on this motion to dismiss, it must

appear that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Dismissal is appropriate only if, upon viewing the allegations of the pleadings in the light most favorable, it appears as a matter of law that plaintiffs cannot prevail under any set of facts. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

For the reasons discussed below, the Court decides that the defendants' motion to dismiss should be granted.

## ANALYSIS

### A. *Lack of Subject Matter Jurisdiction*

■ The amended complaint alleges that "[j]urisdiction is vested in this Court by virtue of 12 U.S.C. § 2012(4), 12 U.S.C. § 2033(4), 12 U.S.C. § 2258 [portions of the Farm Credit Act of 1971, ("Act") as amended] * * * and [12] C.F.R. § 611.1142(b) [regulation promulgated under the Act]." The amended complaint also discloses that plaintiffs rely on an alleged violation of another regulation promulgated under the Act, 12 C.F.R. § 614.4510(d)(1), as the foundation for all of the causes of action against the defendants. The amended complaint clearly puts forward the Act as the vehicle for relief.

■ However, several courts have concluded, and indeed plaintiffs have conceded, that no implied right of action exists under the Act. *Bowling v. Block*, 785 F.2d 556, 557 (6th Cir.1986); *Smith v. Russellville PCA*, 777 F.2d 1544, 1546–48 (11th Cir. 1985); *Kolb v. Naylor*, 658 F.Supp. 520, 525 (N.D.Iowa 1987). Thus, this Court lacks subject matter jurisdiction to hear plaintiffs' complaint.[1] Nevertheless, because plaintiffs assert that their action is based in common law, the Court considers the other ground for dismissal advanced by defendants.

■ Defendants are federally chartered instrumentalities, governed and regulated by federal statutes and by rules and regulations promulgated by the Farm Credit

Administration ("FCA"), which is an independent agency in the executive branch of the United States government. The FCA determined that these defendants were insolvent and, on May 20, 1988, it appointed a receiver pursuant to authority vested in it by 12 U.S.C. § 2183(b). The duties, powers and authority of the receiver are prescribed in 12 C.F.R. §§ 611.1161 and 611.1171. These two sections of the FCA regulations provide for an administrative adjudication of creditors' claims against these defendants.

However, the plaintiffs have neither availed themselves of, nor exhausted, their administrative remedies. Therefore, this Court also rules that it lacks subject matter jurisdiction insofar as the complaint purports to assert a cause of action against these defendants.

For all the above reasons, the complaint should be dismissed for lack of subject matter jurisdiction.

### B. *Failure to State a Claim*

■ Loan servicing policies and procedures of Farm Credit System institutions are governed by the general criteria found in 12 C.F.R. § 614.4510(d)(1):

> The objective shall be to provide borrowers with prompt and efficient service with respect to actions in such areas as * * * partial release of security * * *. Procedures shall provide for * * * prompt exercise of legal options to preserve the lender's collateral position or guard against loss.

Plaintiffs argue that this regulation, as well as sections of internal Bank policy manuals, were incorporated into their original loan contract.

The Court will assume this allegation to be true in respect to the pending motions. Even so, plaintiffs' conclusion that the regulation imposed a duty upon defendants to release the collateral securing their loan is incorrect. The regulation is a statement of policy and does not impose mandatory cri-

---

1. Moreover, the damages claimed by plaintiffs are highly speculative and not causally related to the actions allegedly carried out by defen-

dants. Plaintiffs fail to meet the standing requirements articulated in *Public Citizen v. Lockheed Aircraft Corp.*, 565 F.2d 708 (D.C.Cir.1977).

teria for the release of collateral. Therefore, the regulation cannot serve as a basis for requiring defendants to release collateral in this case. *See Redd v. Federal Land Bank of St. Louis,* 851 F.2d 219, 222 (8th Cir.1988); *Smith v. Russellville PCA,* 777 F.2d 1544, 1546–48 (11th Cir.1985).[2]

■ Likewise, the policies in the internal Bank manuals do not require that a borrower's collateral be released. If anything, the Bank manuals would require the defendants to *refuse* the specific request to release collateral made by plaintiffs. The Credit and Operations Manual of Federal Land Bank Association of Jackson provides that a partial release *may* be granted *only* if the loan on the security remaining after granting the release is within statutory limitations. Section 1.10 of the Act, 12 U.S.C. § 2018, provides that loans originated by a federal land bank shall not exceed 85 per centum of the appraised value of the real estate security. However, by its own terms, the amended complaint shows that the collateral allegedly offered to defendants in this case fell far short of this security requirement.[3]

Thus, plaintiffs are complaining in this case of nothing more than defendants' proper exercise of business judgment in allegedly refusing plaintiffs' request to release collateral. Such conduct cannot serve as the basis for any claim of breach of contract or covenant of good faith, *Penthouse Int'l, Ltd. v. Dominion Fed. Sav. & Loan Ass'n,* 855 F.2d 963 (2d Cir.1988), nor can an allegation of that conduct meet the threshold for stating a claim sounding in tort, negligence or breach of duty. *Matter of Benton Trucking Serv., Inc.,* 21 B.R. 574, 577 (Bankr.W.D.Mich.1982).

Plaintiffs were permitted to engage in limited discovery after their original complaint was dismissed to provide them with an opportunity to establish privity between the plaintiffs and the Assistance Board. In this amended complaint, plaintiffs now assert an "alter ego" doctrine to place the Farm Credit System Capital Corporation ("Capital Corporation"), predecessor in interest to the Assistance Board, in privity with their loan contract. Aside from the fact that the Capital Corporation did not exist at the time the loan contract was executed, plaintiffs' reliance upon an alter ego theory is misplaced because (1) plaintiffs can produce no authority for the novel proposition that one federal instrumentality can function as the alter ego of another; and (2) the facts alleged by plaintiffs do not state, as a legal matter, an alter ego relationship between the two entities. *Labadie Coal Co. v. Black,* 672 F.2d 92, 96–99 (D.C. Cir.1982). In sum, plaintiffs were unable to strengthen their complaint with the aid of the permitted discovery.

■ Additionally, once a federal land bank has properly determined whether or not a particular borrower's offer of debt refinancing should be accepted, this Court will not second-guess that determination. *See Perez v. Jefferson Standard Life Ins. Co.,* 781 F.2d 475, 479–80 (5th Cir.1986); *Federal Land Bank of Wichita v. Read,* 237 Kan. 751, 703 P.2d 777, 780 (1985).

Plaintiffs argue that more discovery is needed to ascertain how their loan was treated by a comparison with other customers. However, they overlook the fact that the discovery they have undertaken has produced evidence which indicates that *no* requirement to release collateral was ever incorporated into their loan contract. Because the defendants' actions were perfectly consistent with—if not required by—the Act, FCA regulations, and the Bank man-

---

**2.** The directive to Farm Credit System institutions to establish procedures to preserve a lender's collateral position and guard against loss also undercuts plaintiffs' position that the regulation imposes a duty on System institutions to release collateral.

**3.** Farm Credit Administration regulations provide that the value of non-real estate security "shall be considered only for collateral protection and may not be included in the value of the security upon which the loan is based." 12 C.F.R. § 2614.4230(b). Plaintiffs' alleged collateral offer consisted of real estate valued at $320,000 to secure a $422,000 loan. The Bank manual, which plaintiffs assert formed the basis of their "justifiable expectations," required a first lien on real estate worth approximately $500,000 before defendants could even *consider* a partial release.

ual, purportedly incorporated into plaintiffs' original loan contract, the Court can find no grounds to allow plaintiffs to engage in unjustified wide-ranging discovery.

For the reasons here stated, it is hereby ORDERED that defendants' motions to dismiss are granted and this action is dismissed with prejudice.

SO ORDERED.